# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Constantini,        :
           Petitioner      :
                   :
       v.               :    No. 1673 C.D. 2016
                   :    Submitted: March 3, 2017
Unemployment Compensation    :
Board of Review,              :
           Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

OPINION BY JUDGE BROBSON[1]      FILED: November 8, 2017

Petitioner Kathleen Constantini (Claimant), acting *pro se*, petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board), dated September 8, 2016, which affirmed a decision by a Referee, dismissing Claimant's appeal as untimely under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law).[2] We now affirm the Board's order.

---

[1] This opinion was reassigned to the authoring judge on July 28, 2017.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides:

> (e) Unless the claimant . . . files an appeal with the board, from the determination contained in any notice required to be furnished by the department . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Claimant worked for Begley, Carlin & Mandio, LLP (Employer) from February 27, 2012, to April 15, 2016. She voluntarily left her employment and filed a claim for unemployment compensation benefits on May 8, 2016. The Erie UC Service Center issued a notice of determination, denying benefits pursuant to Section 402(b) of the Law,[3] relating to voluntarily quitting employment without cause of a necessitous and compelling nature. (Reproduced Record (R.R.) at 2a-3a.) The notice stated that the last day Claimant could appeal the determination was June 20, 2016. (*Id.*) Claimant did not file her appeal until June 28, 2016, after the statutory appeal period had expired. (*Id.* at 6a-12a.)

A Referee conducted a hearing for the purpose of determining whether Claimant's appeal from the Notice of Determination was timely. (Certified Record (C.R.), Item No. 13.) Claimant, unrepresented by counsel, and Employer's counsel appeared at the hearing. By decision and order dated July 21, 2016, the Referee dismissed Claimant's appeal. (R.R. at 14a-15a.) Claimant then appealed to the Board.

By decision and order dated September 8, 2016, the Board affirmed the Referee's decision and dismissed Claimant's appeal. (*Id*. at 21a-24a.) In doing so, the Board issued its own findings of fact, as follows:

1. On June 1, 2016, the claimant spoke with a Department [of Labor and Industry (Department)] representative about her claim and how a Notice of Determination (determination) would be issued in the near future.

2. The Department representative indicated that "if [the] claim was denied, [the claimant] would receive a notice explaining the reasons for the denial

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

2

and then [she] 'would have 15 days to appeal this decision.'"

3. *The claimant understood the Department representative's instruction to mean that she had 15 days from the day she received the determination, not 15 days from the date the appeal was mailed to her, to file an appeal.*

4. A determination was issued on June 3, 2016, denying benefits.

5. Unfortunately, a copy of this determination was not mailed to the claimant at her last known post office address until June 6, 2016.

6. The determination sent to the claimant was not returned as undeliverable by the postal authorities and she was in receipt of the determination on June 8, 2016.

7. The notice informed the claimant that June 20, 2016, was the last day on which to file an appeal from this determination.

8. Under Section 501(e) of the Law the claimant was entitled to a 15-day appeal period from the date the notice was mailed to file her appeal.

9. Fifteen days from June 6, 2016, is June 21, 2016.

10. The claimant admits that she read the determination denying benefits immediately upon receipt, but put it aside out of frustration after she saw that she was denied benefits and never saw the appeal deadline of June 20, 2016, noted on the determination.

11. The claimant believed that she had 15 days from the date of receipt or until June 23, 2016, to file her appeal.

12. On June 22, 2016, the claimant first realized that she had missed the appeal deadline.

13. *The claimant contacted the Department on June 23, 2016, and she was informed to file a late appeal.*

14. The claimant filed her appeal by fax on June 28, 2016.

3

(*Id.* (emphasis added).)

> Based on those findings, the Board reasoned:

> In this case, given that the claimant was entitled to 15 days to file an appeal, and the determination was not actually mailed to the claimant until June 6, 2016, the claimant was entitled to an appeal deadline of June 21, 2016, to file her appeal.

> Regarding the claimant's assertion that she was somehow misled by the Department representative on June 1, 2016, regarding her appeal rights and responsibilities, the Board disagrees. The Department representative provided the claimant with sufficient information at the time concerning the appeal process for the yet to [be] issued determination. The claimant, however, out of frustration with having been denied benefits, did not thoroughly read the determination on June 8, 2016, when she received it. The determination clearly indicated that an appeal deadline of June 20, 2016, existed. Thus, she was at fault for her ignorance of the appeal deadline. If the claimant had carefully read the determination and seen the June 20, 2016, deadline, she could have contacted the Department and cleared up any confusion that existed.

> Moreover, even assuming the claimant was inadvertently misled by the Department representative on June 1, 2016, and reasonably believed that her appeal deadline was June 23, 2016, she did not show good cause for her failure to file her appeal on the date. On June 23, 2016, the claimant spoke to a Department representative and was told to file an appeal. Nonetheless, the claimant waited until June 28, 2016, five days beyond the claimant['s] assumed deadline, to file her appeal. The Board concludes that the claimant did not take prompt action after she was clearly aware of the need to file her appeal.

(*Id.*) The Board further reasoned that because Section 501(e) of the Law provides that a notice of determination shall become final unless an appeal is filed within fifteen days of its issuance, the Referee and the Board have no jurisdiction to consider an appeal that was filed after the expiration of the statutory appeal period

4

absent exceptions not relevant to this matter. The Board explained that "the filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct." (*Id.*) Claimant filed a request for reconsideration, which the Board denied. Claimant then petitioned this Court for review.

On appeal,[4] Claimant challenges the Board's findings of fact on the basis that they are incomplete or that the Board, in making its findings, improperly disregarded evidence that supported her appeal *nunc pro tunc*. Claimant also argues that, as a result, the Board erred in dismissing her appeal as untimely. Finally, Claimant argues that the Board committed an error of law in affirming the Referee's dismissal, because the Referee failed to adequately assist Claimant, who was acting *pro se*.

We first address Claimant's challenges relating to the Board's findings of fact. Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Hercules, Inc. v. Unemployment Comp. Bd. of Review*, 604 A.2d 1159, 1163 (Pa. Cmwlth. 1992). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Sanders v. Unemployment Comp. Bd. of Appeal*, 739 A.2d 616, 618

---

[4] This Court's standard of review generally is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. Where, as here, however, the burdened party was the only one to present evidence and that party did not prevail below, the Court's scope of review is limited to determining whether the factfinder capriciously disregarded competent evidence and whether there was a constitutional violation or an error of law. *Bennett v. Unemployment Comp. Bd. of Review*, 33 A.3d 133, 136 n.3 (Pa. Cmwlth. 2011), *appeal denied*, 67 A.3d 798 (Pa. 2013).

(Pa. Cmwlth. 1999). A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record taken as a whole contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). Even if evidence exists in the record that could support a contrary conclusion, it does not follow that the findings of fact are not supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Review*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

Moreover, in an unemployment case the Board is the ultimate factfinder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1386 (Pa. 1985). The Board is also empowered to resolve conflicts in the evidence. *DeRiggi v. Unemployment Comp. Bd. of Review*, 856 A.2d 253, 255 (Pa. Cmwlth. 2004).

Claimant's argument focuses, in part, on the Board's finding of fact number 3, which pertains to a discussion between Claimant and a Department representative that occurred on June 1, 2016. Finding of fact number 3 provides: "[t]he claimant understood the Department representative's instruction to mean that she had 15 days from the day she received the determination, not 15 days from the date the appeal was mailed to her, to file an appeal." (R.R. at 21a.) Claimant does not actually dispute that there is substantial evidence of record to support this finding or even contend that the finding is inaccurate. Rather, Claimant appears to argue that the Board's finding "failed to dispute [Claimant's] understanding or to provide

6

substantial evidence that [her] claim was investigated or considered, despite the fact that the phone conversation was recorded." (Claimant's Br. at 14.)

Claimant's argument also focuses on the Board's finding of fact number 13, which provides that "the claimant contacted the Department on June 23, 2016, and she was informed to file a late appeal." (R.R. at 22a.) As with finding of fact number 3, Claimant does not dispute that substantial evidence exists to support this finding or contend that it is in error. Rather, she asserts that the finding "failed to dispute or even acknowledge [Claimant's] assertion that she was instructed by a UC service representative to file the untimely appeal but only to do so with a letter outlining the reasons for the lateness" and that the Board "failed to provide substantial evidence that [Claimant's] assertion was investigated or considered, despite the fact that the telephone call was once again recorded." (Claimant's Br. at 15.)

Thus, Claimant appears to argue that the Board's findings of fact numbers 3 and 13 were incomplete in that the Board should have made additional findings regarding the actual substance of the conversations between Claimant and the Department's representatives. Claimant appears to take the position that had the Board investigated the matter by reviewing recordings of the conversations, the Board would have found that, on June 1, 2016, a representative informed Claimant that she had fifteen days *from the date she received the Referee's decision* to appeal, and, on June 23, 2016, a representative instructed Claimant to file her late appeal *with a letter explaining the reason for the lateness*. She contends that she missed the appeal deadline as a result of the incorrect information she received on June 1, 2016, which she contends constituted a breakdown in the administrative process. Furthermore, the subsequent instruction on June 23, 2016, that she file her appeal

7

with a letter attached to it, led to the additional delay in her filing of the appeal. Claimant continues her argument by asserting that *the Board* failed to provide evidence that it investigated the matter, the Board *inferred* that the claims were investigated, and the Board's inaction and inference constituted a further breakdown in the administrative process. Finally, Claimant contends that the Board, in rendering its findings of fact, capriciously disregarded competent evidence of record, *i.e.*, evidence regarding negligent acts of the Department's representatives, and failed to make credibility findings.

The Board makes its findings based on the record before it. Here, Claimant's own testimony supports the challenged findings. Claimant, however, contends that the Board erred in not taking additional steps to obtain and review recordings (if they exist) of her telephone conversations with Department representatives. Claimant, however, did not request a subpoena for any recordings or raise this issue at the hearing. Thus, the Board did not err given that Claimant did not seek to obtain and introduce the records, and Claimant waived the issue by not raising it before the Referee and Board. *Wing v. Unemployment Comp. Bd. of Review*, 436 A.2d 179, 180-81 (Pa. 1981) (holding issue not raised before Referee and Board is waived on appeal).

Next, we address Claimant's argument that the Board erred as a matter of law in concluding that the appeal was untimely. Section 501(e) of the Law provides that unless a claimant files an appeal with respect to a Notice of Determination within fifteen calendar days after it was mailed to her last known post office address, such determination "will be final and compensation shall be paid or denied in accordance therewith. The fifteen-day time limit is mandatory and subject to strict application." *Renda v. Unemployment Comp. Bd. of Review*, 837 A.2d 685,

8

695 (Pa. Cmwlth. 2003), *appeal denied*, 863 A.2d 1151 (Pa. 2004). Failure to timely appeal an administrative agency's action is a jurisdictional defect, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Sofronski v. Civil Serv. Comm'n, City of Philadelphia*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). Thus, a petitioner carries a heavy burden to justify an untimely appeal. *Blast Intermediate Unit #17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). As a result, an appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, her counselor or a third party. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

Claimant argues that there were multiple breakdowns in the administrative process based on the representations of the Department's representatives—*i.e.*, that she would have 15 days to appeal from receipt of the Referee's decision and that she needed to submit a letter with her untimely appeal—and upon the incorrect mailing date of the Referee's decision.[5] Claimant's

---

[5] In addition to the alleged actions of the Department's representatives discussed above, Claimant contends that a breakdown of the administrative process occurred because a representative of the Department, while investigating Claimant's claim, contacted Employer's Human Resources Administrator (HR Administrator). Claimant maintains that she had informed the representative that the HR Administrator had harassed Claimant and caused Claimant to terminate her employment. Claimant also suggested that the representative contact someone other than the HR Administrator. The representative, nevertheless, contacted the HR Administrator, who, Claimant contends, provided erroneous information, thereby leading to the denial of the claim. Claimant argues that the Department was negligent and caused a breakdown in the administrative process by failing to contact a representative of Employer who was not directly involved in the controversy. Claimant maintains that, had the Department correctly performed its due diligence, the need for an appeal to the Referee and Board would never have been necessary. Simply put, the fact that the Department representative contacted Employer's HR Administrator does not constitute negligence or a breakdown in the administrative process.

9

contentions with regard to the representations of the Department's representatives are discussed above. With regard to the mailing date, Claimant contends that the Referee's decision incorrectly identified the mailing date as June 3, 2016, and the last day to appeal as June 20, 2016, because the decision's envelope was post-marked on June 6, 2016 (not June 3, 2016). Claimant received the decision on June 8, 2016. Claimant notes that the Board reasoned in its decision that, because the Referee's decision was not mailed until June 6, 2016, Claimant's last day to appeal should have been June 21, 2016. Claimant identifies these errors in the Referee's decisions as additional breakdowns in the administrative process.

In addition, Claimant identifies other circumstances, which she contends contributed to the untimely filing. Specifically, she cites stress of dealing with several ongoing legal issues, anxiety of having to repair and secure her home network due to a wi-fi malware virus attack, recovering data information lost from her wireless devices due to this virus, and multiple medical emergency appointments during the time period prior to the appeal deadline due to migraines and blurred vision. She maintains that her appeal was further delayed after she learned of the missed deadline due to an inability to speak with representatives on June 22, 2016, because the Service Center is closed on Wednesdays, and her belief that she needed to attach a letter to her appeal, outlining the reasons for its lateness. With respect to the remaining prongs, Claimant maintains that she filed her late appeal within a short period of time—*i.e.*, three business days (five days generally)—after she learned that she could file a late appeal. Claimant also submits that Employer was not in any way prejudiced by the delay.

We agree with the Board that it properly dismissed Claimant's untimely appeal given that the late appeal was clearly attributable to Claimant's *own*

10

negligence.  The Board found that a Department representative informed Claimant that if her claim were denied, she would have fifteen days to appeal the determination.  The Board further found that Claimant erroneously concluded that the fifteen-day time period commenced on the date she received the determination. Claimant continued to labor under her misapprehension only because *she neglected to read the determination and the accompanying appeal information thoroughly*.  If Claimant had read the determination thoroughly, she would have seen in *three* separate locations on the determination that the appeal deadline was June 20, 2016. Instead, out of frustration with having been denied benefits, Claimant simply put the determination aside for a period of fourteen days before she decided to thoroughly read the determination.  We reject Claimant's contention that a statement from a Department representative that mentions the fifteen-day appeal period but does not specify when the appeal period commences is misleading.  Claimant received explicit appeal instructions with the determination, which included a specific deadline, but Claimant *chose not to read* the determination or information provided.[6] Claimant's failure to read the notice—not the personal circumstances in her life or the actions of the Department representative—was the cause of her late filing.  We also are not persuaded by Claimant's contention that her late filing should be excused

---

[6] Our analysis is consistent with this Court's unreported decision in *Price v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 311 C.D. 2011, filed August 12, 2011), which affirmed an order of the Board, dismissing a claimant's appeal as untimely pursuant to Section 502 of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.  In *Price*, as in the case now before the Court, the Court rejected as a basis for granting an appeal *nunc pro tunc* a claimant's confusion as to when the fifteen-day period began to run.  We acknowledge that *Price*, as an unreported panel decision of this Court, has persuasive value but does not constitute binding precedent.  Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

11

because the determination identified the mailing date as June 3, 2016, but the Department did not mail it until June 6, 2016. The Board conceded that Claimant was entitled to an appeal deadline of June 21, 2016. Nevertheless, although Claimant received the determination on June 8, 2016, she did not read through it until June 22, 2016—sixteen days after the Department mailed the determination to her. Thus, Claimant's appeal was still untimely, even with the adjusted deadline, and the Board did not err in denying Claimant's appeal *nunc pro tunc*.[7]

Finally, Claimant argues that the Board committed an error of law in affirming the Referee's dismissal, because the Referee failed to adequately assist Claimant, who was acting *pro se*. Claimant acknowledges that, at the beginning of the hearing, the Referee advised the parties of their rights, explained the hearing procedures, placed into evidence all documents of record in this matter, including documents Claimant submitted regarding the reasons for her delay, and asked Claimant if there was anything further Claimant wished to add, to which Claimant responded that she did not have anything else to add. In addition, we note that the Referee solicited some general, albeit brief, testimony regarding the timeliness and merits of Claimant's appeal. Claimant, nevertheless, contends that the Referee had a duty to provide her with assistance in making her case and failed to do so.[8] *See*

---

[7] Because Claimant cannot meet the first prong of the test for an appeal *nunc pro tunc*, we need not consider whether Claimant met the remaining prongs.

[8] This Court has held that the referee has a responsibility to

assist a pro se claimant at a hearing so that the facts of the case necessary for a decision may be adequately developed to ensure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, *thoroughly developed*, entitled the claimant to benefits. The referee, of course, need not advise a party on evidentiary questions or on specific points of law but must act reasonably in assisting in the development of the necessary facts, and

12

34 Pa. Code § 101.21; *see also Coates v. Unemployment Comp. Bd. of Review*, 676 A.2d 742, 744 n.3 (Pa. Cmwlth. 1996) (holding that "the referee has a responsibility to assist a *pro se* claimant at a hearing so that the facts of the case necessary for a decision may be adequately developed."). Claimant did not raise this issue before the Board, and, therefore, this issue is waived. *See Wing*, 436 A.2d at 180-81.

Accordingly, we affirm the order of the Board.

P. KEVIN BROBSON, Judge

---

any failure to develop an adequate record must be prejudicial to the claimant and not mere harmless error or else a reversal will not be found.

*Bennett v. Unemployment Comp. Bd. of Review*, 445 A.2d 258, 259-60 (Pa. Cmwlth. 1982) (emphasis in original) (citations omitted) (internal quotation marks omitted). In the case now before this Court, we note that Claimant does not identify any facts that were undeveloped during the hearing that would have changed the outcome of this case. Thus, had Claimant not waived the issue, she still would not have prevailed. The record was sufficiently developed for the Referee and Board to determine that Claimant's late appeal was caused by her failure to read the notice and accompanying information.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Constantini,                            :
                        Petitioner                :
                                                  :
            v.                                    :     No. 1673 C.D. 2016
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :
                        Respondent                :

## **O R D E R**

AND NOW, this 8th day of November, 2017, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
P. KEVIN BROBSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen Constantini,                    :
                    Petitioner           :
                                         :
        v.                               :
                                         :
Unemployment Compensation                :
Board of Review,                         :    No. 1673 C.D. 2016
                    Respondent           :    Submitted: March 3, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


DISSENTING OPINION
BY JUDGE COSGROVE                         FILED:  November 8, 2017


        There was enough confusion and misinformation in this matter (e.g., mistakenly advising Kathleen Constantini (Claimant) that her appeal was due on June 20, instead of June 21; the possible "inadvertent[] misl[eading of Claimant] by the Department representative on June 1, 2016;" "[Claimant's] reasonabl[e] belie[f] that her appeal deadline was June 23, 2016…") (R.R. at 21a-24a) that the equitable principles allowing *nunc pro tunc* relief should apply.  *See Criss v. Wise*, 781 A.2d 1156 (Pa. 2001); *Bass v. Commonwealth,* 401 A.2d 1133 (Pa. 1979).  As the Majority disagrees, I dissent.


                        _____
                        JOSEPH M. COSGROVE, Judge