IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Belinda Davis, : 
               Petitioner : 
: No. 691 C.D. 2018
            v. :
: Submitted: January 11, 2019
Department of Human Services, :
               Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: March 18, 2019

Belinda Davis petitions for review, *pro se*, of the March 15, 2018 final administrative action order of the Pennsylvania Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), affirming a decision of an administrative law judge (ALJ), which ruled that the Child Care Information Services of Delaware County (CCIS) had correctly calculated an overpayment in child care benefits received by Davis.

In February 2008, Davis was deemed eligible for and began receiving child care subsidy benefits through CCIS. (ALJ Finding of Fact (F.F.) No. 1.) In April 2010, CCIS sent mail to Davis at her address of record, which was "return[ed] to sender." (F.F. No. 2.) On October 21, 2010, CCIS submitted a referral to the Office of Inspector General (OIG) requesting that the OIG investigate Davis's current address and household income. (F.F. No. 3.) The OIG investigation revealed that Davis's

household was receiving unreported income from the following sources: supplemental security income for Davis's child, unemployment compensation for Davis's husband, and self-employment income. (F.F. No. 4.) The OIG investigation also revealed that Davis had not been living at her reported Pennsylvania address since 2007. (Certified Record (C.R.) Item No. 3.C-2.) On December 23, 2010, CCIS terminated Davis's subsidized child care benefits. (F.F. No. 5.)

Thereafter, based on the results of the OIG investigation, CCIS sent a confirmation notice advising Davis that she owed an overpayment amount of $18,625.00 for the period of time from February 7, 2008, through December 23, 2010, due to her failure to report income from self-employment and social security benefits. (C.R. Item No. 3.C-2.) Davis filed an appeal. *Id.* (F.F. No. 6.)

An ALJ conducted a hearing. Following the hearing, the ALJ concluded that although CCIS correctly established an overpayment of child care benefits, the overpayment was incorrectly calculated. (F.F. No. 6; C.R. Item No. 3.C-2.) Specifically, the ALJ determined that CCIS's overpayment was based on its erroneous belief that Davis was still residing in Delaware County, Pennsylvania and, therefore, was eligible to receive some child care subsidy benefits, and its misconception that the overpayment resulted from the fact that Davis's co-payment would have increased because of her higher, unreported income. (C.R. Item No. 3.C-2.) However, in actuality, because Davis had been living in New Jersey as of November 28, 2008, she was not eligible to receive *any* child care benefits from November 28, 2008, until December 23, 2010. *Id.* Thus, the ALJ determined that for this time period, "the overpayment should have been calculated as a full overpayment of benefits received, rather than an overpayment based upon an increase in copayment." *Id.* The ALJ denied, in part, Davis's appeal because it determined CCIS was correct in establishing

2

an overpayment, but sustained, in part, the appeal because the overpayment was incorrectly calculated. *Id.* The ALJ directed CCIS to reassess Davis's overpayment amount and issue a new confirmation notice. (F.F. No. 7.) On March 22, 2017, BHA issued a final administrative action order affirming the ALJ's decision.

On March 30, 2017, CCIS issued Davis a new confirmation notice with an overpayment amount of $27,865.94 in child care benefits from February 7, 2008, to December 23, 2010. (F.F. No. 8.) On April 12, 2017, Davis appealed the BHA March 22, 2017 final administrative action order to this Court. Moreover, on April 25, 2017, Davis appealed CCIS's March 30, 2017 confirmation notice to BHA. However, Davis's appeal of the March 22, 2017 final administrative action order to this Court stayed any further action on Davis's appeal of the March 30, 2017 confirmation notice.

On appeal to this Court, Davis argued that CCIS failed to follow applicable regulations and that she should not be responsible for any claims of overpayment. *Davis v. Department of Human Services (Davis I)* (Pa. Cmwlth., No. 604 C.D. 2017, filed January 18, 2018), slip op. at 5. We explained that under the Department's applicable regulations, a parent may be required to repay an overpayment resulting from the following: fraud; failure to comply with regulations concerning subsidized child care eligibility; and a subsidy continuation pending an appeal when the parent or caretaker did not win the appeal. *Id.*, slip op. at 6 (citing 55 Pa. Code §3041.181). We also noted that the Department's regulations require CCIS to consider the income of family members to determine eligibility for subsidized child care, and that the family receiving subsidized child care must reside in the Commonwealth. *Id.* (citing 55 Pa. Code §§3041.32, 3041.42(a)).

Ultimately, this Court concluded that there was substantial evidence in the record to support BHA's findings that Davis received household income that had not

3

been reported and that Davis was not residing at her address of record in Pennsylvania, but instead, lived in New Jersey. *Id.*, slip op. at 7. Thus, we held that "[t]he fact that Davis was receiving subsidized child care for a period of time in which she had unreported income and for a period of time in which she did not reside in Pennsylvania support[ed] the finding of an overpayment." *Id.* We also held that "Davis's failure to reside in Pennsylvania and to verify her address, as well as her failure to report income, all constitute[d] violations of [the Department's regulations], thereby serving as grounds for CCIS to seek reimbursement of an overpayment." *Id.* Finally, we noted that "to the extent Davis raises any issues concerning the calculation and the amount of the overpayment, those issues [were] not before us. The BHA ordered CCIS to recalculate the overpayment and issue a new notice with a new overpayment amount." *Id.*, slip op. at 9. Thus, we affirmed the March 22, 2017 order. *Id.*

Following our decision, an ALJ convened a new hearing on February 8, 2018, regarding the overpayment calculation as determined in the March 30, 2017 confirmation notice. (F.F. No. 14.) The ALJ found that from February 7, 2008, to December 23, 2010, Davis was undercharged for co-payments in the amount of $505.00 and received $27,360.94 in unreimbursed child care benefits for her children, which resulted in a total child care subsidy overpayment of $27,865.94. (F.F. Nos. 15-23.) The ALJ found there was no evidence in the record to demonstrate that the overpayment calculations were incorrect. (F.F. No. 24.)

The ALJ concluded that "CCIS correctly calculated [Davis]'s overpayment of CCIS benefits" and that Davis "at no point in her submissions or testimony addressed the issue of the calculation of the overpayment," which was the sole issue before the ALJ. (ALJ adjudication, 3/15/18, at 5.) The ALJ also explained that Davis "focused solely on the issue of residence," but that it had "been found as

4

fact in prior proceedings that [Davis] did not reside at her claimed Pennsylvania addresses and instead lived in New Jersey, rendering her ineligible for Pennsylvania CCIS child care benefits." *Id.* at 5-6. The ALJ determined that "CCIS correctly calculated the overpayment of $27,865.94" and that "CCIS [had] provided substantial evidence to support its calculations." *Id.* at 6. Accordingly, the ALJ held that the overpayment amount was correct and denied the appeal. *Id.* On March 15, 2018, BHA issued a final administrative action order affirming the decision of the ALJ.

Davis sought to appeal the BHA order, by letter, rather than by petition for review as required by the Pennsylvania Rules of Appellate Procedure.[1] That same day, this Court, in compliance with section 211 of this Court's Internal Operating Procedures, 210 Pa. Code §69.211,[2] sent notice to Davis advising her how to perfect

---

[1] *See* Rule 1511 of the Rules of Appellate Procedure, Pa.R.A.P. 1511. Rule 1511 provides, as follows:

> Review under this chapter shall be obtained by filing a petition for review with the prothonotary of the appellate court within the time allowed by Rule 1512 (time for petitioning for review). Failure of a petitioner for review to take any step other than the timely filing of a petition for review does not affect the validity of the review proceeding, but is grounds only for such action as the appellate court deems appropriate, which may include dismissal of the review proceeding.

*Id.*

[2] Pursuant to section 211 of this Court's Internal Operating Procedures,

> When the chief clerk receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the chief clerk shall time-stamp the written communication with the date of receipt. The chief clerk shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the chief clerk's letter. If the party fails

5

her appeal. The notice instructed Davis that in order to perfect her appeal she was required to file a petition for review with this Court **"within 30 days of the date of this notice."** (Letter from the Commonwealth Court to Davis, 4/16/18) (emphasis in original). Davis did not file a petition for review with this Court within 30 days, but instead, filed a petition for review on May 21, 2018. By order of this Court dated May 24, 2018, we directed the parties to address in their briefs on the merits whether Davis's appeal was untimely.

On appeal from the March 15, 2018 BHA order, Davis does not address the question of timeliness,[3] but essentially raises the following issues: (1) BHA erred in recalculating the amount of the overpayment; (2) CCIS failed to demonstrate that an overpayment occurred; (3) BHA erred in concluding Davis resided in New Jersey and in not considering evidence presented by Davis demonstrating that her residency was in Pennsylvania; and (4) CCIS never notified her that an overpayment existed. However, before we can address the merits of this case we must first determine whether Davis filed a timely petition for review.

Rule 1511 of the Rules of Appellate Procedure mandates that judicial review of a governmental determination "shall be obtained by filing a petition for review." Pa.R.A.P. 1511. Petitions for review "shall be the exclusive procedure for judicial review of a determination of a government unit." Rule 1502 of the Rules of Appellate Procedure, Pa.R.A.P. 1502. Under rule 1512 of the Rules of Appellate

to file a fully conforming petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.

210 Pa. Code § 69.211.

[3] The Department also does not address the question of timeliness, as instructed by this Court.

6

Procedure, "[a] petition for review of a quasijudicial order, or an order appealable under 42 Pa.C.S. §763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."[4] Pa.R.A.P. 1512(a)(1). Additionally, under Rule 121(a) of the Rules of Appellate Procedure, required papers "shall be filed with the prothonotary. Filing may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a).

Moreover, pursuant to section 211 of this Court's Internal Operating Procedures, where a petitioner files a written communication evidencing an intention to appeal, which does not conform to the rules for a petition for review, the petitioner may preserve his appeal as long as he "files a fully conforming petition for review within 30 days of the date" of the notice from this Court. 210 Pa. Code §69.211. However, if the petitioner "fails to file a fully conforming petition for review within that period . . . . th[is] court will take no further action in the matter." *Id.* Untimeliness "is a jurisdictional defect, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017). Therefore, where a petitioner fails to comply with section 211 of our Internal Operating Procedures by filing a fully

---

[4] Rule 1513 of the Rules of Appellate Procedure requires that the petition for review contain, *inter alia*, (1) a statement of the basis for this Court's jurisdiction; (2) the name of the person seeking review; (3) the name of the governmental unit that made the order sought to be reviewed; (4) reference to the order sought to be reviewed; (5) a general statement of the objections to the order or other determination; (6) a short statement of the relief sought; (7) a copy of the order to be reviewed; and (8) a certificate of compliance. Pa.R.A.P. 1513(d). Further, petitions for review must be divided into consecutively numbered paragraphs and each paragraph shall contain only a single allegation of fact or other statement. Pa.R.A.P. 1513(c).

conforming petition for review within 30 days of our notice, we are without jurisdiction and must quash the appeal. *See Turner v. Pennsylvania Housing Finance Agency* (Pa. Cmwlth., No. 572 C.D. 2018, filed November 16, 2018), slip op. at 6-7 (quashing appeal as untimely where petitioner did not file petition for review within 30 days of the notice from the Commonwealth Court).[5]

Here, within 30 days of BHA issuing its order, Davis notified this Court, by letter, of her intent to appeal.[6] Davis's letter did not comply with the rules governing petitions for review. Notably, the letter did not include, *inter alia*, a general statement of Davis's objections to the BHA order or a statement of the relief sought. On April 16, 2018, this Court issued Davis a notice instructing her how to perfect her appeal, the 30-day deadline for filing a petition for review, and the consequences of not complying with the deadline. Specifically, the notice advised her that if she did not file her perfected petition for review "**within 30 days of the date of this notice, the Court [would] take no further action in this matter**." (Letter from the Commonwealth Court, 4/16/18) (emphasis in original). At the end of the notice, we provided a checklist regarding the petition for review requirements and again explained that "**[t]his is what you must file with this Court at the address below within 30 days of the date of this notice to perfect your appeal**." *Id.* (emphasis in original).

---

[5] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

[6] While appeals of governmental orders must be filed within 30 days after entry, *see* Rule 1512 of the Rules of Appellate Procedure, Pa.R.A.P. 1512, and Davis did not submit her appeal letter until April 16, 2018, more than 30 days after BHA issued its March 15, 2018 order, Davis's appeal letter was timely because April 14, 2018, the 30th day, was a Saturday, *see* Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

Thus, in accordance with the notice issued by this Court, Davis had 30 days from April 16, 2018, in which to file her petition for review and perfect her appeal. Yet, Davis did not file her petition for review until May 21, 2018, more than 30 days after the notice. Accordingly, because Davis's appeal is untimely pursuant to section 211 of our Internal Operating Procedures, we are without jurisdiction and must quash the appeal.[7]

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] Nevertheless, even if Davis's appeal were timely, reversal of the order of BHA would not be warranted. Davis argues that BHA erred in finding that she was a resident of New Jersey, not considering evidence related to her residency, and concluding that an overpayment occurred. However, these issues were already fully litigated and decided by this Court in *Davis I*, slip op. at 8-9, and may not be disrupted on appeal in this action. Davis also argues that BHA erred in calculating the overpayment and that the evidence presented by CCIS regarding the amount of the overpayment was false and/or not credible. In determining whether a finding of fact is supported by substantial evidence, the Court is required to give the party in whose favor the decision was rendered "the benefit of all reasonable and logical inferences that may be drawn from the evidence of record." *S.T. v. Department of Public Welfare, Lackawanna County Office, Children, Youth and Family Services*, 681 A.2d 853, 856 (Pa. Cmwlth. 1996). Further, because determinations regarding credibility and weight of the evidence are for the factfinder, we will not disturb those determinations absent an abuse of discretion. *R.J.W. v. Department of Human Services*, 139 A.3d 270, 285 (Pa. Cmwlth. 2016). The ALJ based his finding of an overpayment of $27,865.94 on payment report documents introduced by CCIS that show Davis was undercharged for co-payments in the amount of $505.00 and received $27,360.94 in unreimbursed child care benefits, thus, resulting in a total overpayment of $27,865.94. (F.F. Nos. 15-24; C.R. Items No. 3.C-6, 3.C-7.) These documents provide substantial evidence for the ALJ's overpayment calculation. Davis has also not provided any indication or evidence that the ALJ abused his discretion in relying on these documents to calculate the overpayment amount. Accordingly, even if we were not quashing Davis's appeal as untimely, we would not find in Davis's favor.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Belinda Davis,                          :
             Petitioner                 :
                                        :    No.  691 C.D. 2018
        v.                              :
                                        :
Department of Human Services,           :
             Respondent                 :

## _ORDER_

AND NOW, this 18th day of March, 2019, Belinda Davis's appeal from the order of the Pennsylvania Department of Human Services, Bureau of Hearings and Appeals, dated March 15, 2018, is hereby quashed as untimely.

_____
PATRICIA A. McCULLOUGH, Judge