IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffery J. Myers,            :
          Petitioner         :
                             :
     v.                      : No. 94 C.D. 2019
                             : Submitted: May 24, 2019
Unemployment Compensation    :
Board of Review,             :
          Respondent         :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: July 25, 2019

          Jeffery J. Myers (Claimant), *pro se*, petitions for review of an order of
the Unemployment Compensation Board of Review (Board), affirming the Referee's
decision to dismiss his appeal as untimely. On appeal, Claimant argues that he did
not receive the notices of determination; therefore, he was unable to file a timely
appeal. For the reasons that follow, we affirm.

          After his separation from employment, Claimant filed an application
for unemployment compensation benefits. On May 2, 2017, and May 3, 2017, the
Unemployment Compensation (U.C.) Service Center issued three notices of
determination. The first notice, mailed May 2, 2017, approved unemployment
compensation benefits for Claimant, with the waiting week ending April 22, 2017.
The second and third notices, mailed on May 3, 2017, assessed a fault overpayment,
six penalty weeks, and a 15 percent penalty because Claimant had failed to report all
earnings. The notices stated that Claimant had 15 days, or until May 17, 2017, and

May 18, 2017, respectively, to file an appeal. On May 11, 2018, Claimant filed an appeal.

The appeal was assigned to a Referee. On June 27, 2018, the Referee conducted a hearing on the timeliness of Claimant's appeal in which Claimant participated by telephone.

Claimant confirmed that his home address was correct on each of the notices of determination. Nevertheless, Claimant testified that he did not receive any of the three notices. Claimant testified:

> [t]he only thing that I received was the – a bill, which prompted me to call and for about a year, I had been trying to get in contact and tried to appeal everything that has been going on. As you can see, there's a period of time when I emailed. There were periods of time that I made phone calls.

Notes of Testimony, 6/27/2018, at 4 (N.T. __). Claimant stated that he usually receives his mail, and he has not filed a complaint with the U.S. Postal Service about his mail being lost. *Id.*

By decision dated June 29, 2018, the Referee dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1] The Referee found that on May 2, 2017, and May 3, 2017, the U.C.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e). Section 501(e) states that:

> [u]nless the claimant ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e).

Service Center mailed the notices of determination to Claimant's last known address, and they were not returned as undeliverable. The notices stated that an appeal was due on May 17, 2017, and May 18, 2017, but Claimant appealed May 11, 2018, nearly one year late.

Claimant appealed the Referee's decision to the Board, contending that he never received the U.C. Service Center's notices of determination. On December 19, 2018, the Board affirmed the Referee's decision. The Board adopted the Referee's findings of fact and legal conclusions and did not credit Claimant's testimony that he did not receive the notices. Claimant petitioned for this Court's review.

On appeal,[2] Claimant argues that the Referee and the Board erred. He contends that the U.S. Postal Service loses mail. Moreover, since the notices were sent by regular mail, and not certified mail, there is no proof that he actually received the notices.

Under Section 501(e) of the Law, a claimant has 15 days to appeal the U.C. Service Center's notice of determination. 43 P.S. §821(e). The statutory time limit for filing an appeal is mandatory. *Blast Intermediate Unit No. 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). It cannot be extended as a matter of grace or mere indulgence. *Constantini*,

---

[2] In unemployment compensation appeals, this Court's review determines whether constitutional rights were violated, an error of law was committed, or findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 844-45 (Pa. Cmwlth. 1987). "Where, as here, however, the burdened party was the only one to present evidence and that party did not prevail below, this Court's scope of review is limited to determining whether the factfinder capriciously disregarded competent evidence and whether there was a constitutional violation or an error of law." *Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838, 842 n.4 (Pa. Cmwlth. 2017).

173 A.3d at 844. A claimant has a heavy burden to justify an untimely appeal. *Blast Intermediate Unit No. 17*, 645 A.2d at 449.

Here, the record shows that the three notices of determination were sent to Claimant at his correct address, and none were returned as undeliverable. Claimant had until May 17 and 18, 2017, to file an appeal, but he did not appeal until May 11, 2018.

The Board applied the "mailbox rule," which created a rebuttable presumption that Claimant received the notices of determination. This Court has explained the mailbox rule as follows:

> [t]he common law "mailbox rule" provides that the depositing in the post office of a properly addressed letter with prepaid postage raises a natural presumption that the letter reached its destination by due course of mail…. Thus, under the "mailbox rule," evidence that a letter has been mailed ordinarily will be sufficient to permit a fact finder to find that the letter was, in fact, received by the party to whom it was addressed….

*Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286, 1288 n.3 (Pa. Cmwlth. 2009) (internal citations omitted).[3]

Claimant had the opportunity to rebut the presumption that he received the notices of determination; however, the Board rejected his evidence of non-receipt as not credible. The Board's credibility determination is not subject to review by this Court. *See Umedman v. Unemployment Compensation Board of Review*, 52

---

[3] Although Claimant argues that the U.C. Service Center should have used certified mail, "there is no requirement that the unemployment compensation authorities send a [notice of determination] in any manner other than mail." *Sheller v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1833 C.D. 2017, filed August 16, 2018), slip op. at 4 (unreported). An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

A.3d 558, 562 (Pa. Cmwlth. 2012) (quoting *Procito v. Unemployment Compensation Board of Review*, 945 A.2d 261, 262 n.1 (Pa. Cmwlth. 2008)) (The Board "is empowered to resolve all conflicts in the evidence and to determine the credibility of witnesses"). Therefore, Claimant failed to rebut the presumption of receipt of the notices of determination.[4]

For these reasons, we conclude that the Board properly dismissed Claimant's appeal as untimely. Accordingly, the Board's adjudication is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] Additionally, Claimant did not challenge the presumption of the regularity of the U.C. Service Center's placement of the notices of determination in the mail. Even if he did raise this issue, he would not have prevailed because the record contains copies of the notices as well as the claim record showing the processing of these documents. Certified Record Item Nos. 1 and 6.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffery J. Myers,
        Petitioner

        v.

Unemployment Compensation
Board of Review,
        Respondent

:
:
:
: No. 94 C.D. 2019
:
:
:
:
:

# **O R D E R**

AND NOW, this 25th day of July, 2019, the adjudication of the Unemployment Compensation Board of Review, dated December 19, 2018, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge