IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shauna M. Cottman,                          :
               Petitioner                   :
                               :
     v.                                     :  No. 1716 C.D. 2019
                               :  SUBMITTED:  November 9, 2020
Unemployment Compensation Board  :
of Review,                                   :
               Respondent                   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge (P)
               HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                         FILED:  December 4, 2020

       Shauna M. Cottman (Claimant) petitions for review of the October 23, 2019 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee to dismiss Claimant's appeal under Section 501(e) of the Unemployment Compensation Law (Law).[1]  The Board concluded that Claimant's appeal was untimely and she did not establish that her late appeal was caused by

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).  Section 501(e) of the Law states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment [of Labor and Industry (Department)] under [this section of the Law], *within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address*, and applies for a hearing, *such determination of the [D]epartment*, with respect to the particular facts set forth in such notice, *shall be final* and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added).

fraud or an administrative breakdown.  We agree and, therefore, affirm the Board's Order.

## Background

On June 23, 2019, Claimant filed an application for unemployment compensation (UC) benefits following her separation from employment as a corrections officer with GEO Corrections and Detention (Employer).  Pet. for Review, 11/25/19, ¶¶ 1, 6.

On July 19, 2019, the Scranton UC Service Center mailed a Notice of Determination to Claimant's last known mailing address, finding Claimant ineligible for UC benefits under Section 402(b) of the Law, 43 P.S. § 802(b).[2]  Bd.'s Finding of Fact (F.F.) No. 1.  Claimant received the Notice of Determination on July 23, 2019. *Id.* No. 2.  The Notice of Determination contained appeal instructions, which specified that the last day to file a timely appeal was August 5, 2019.  *Id.* No. 3; Record (R.) Item No. 4.  Claimant did not file an appeal by August 5, 2019; however, Claimant filed an appeal via email on August 7, 2019.  Bd.'s F.F. No. 4.

The Referee held an evidentiary hearing on September 4, 2019, at which Claimant appeared *pro se*.  Employer did not attend the hearing.[3]

Claimant testified that she attempted to file her appeal from the Notice of Determination online, "but it didn't go through."  Notes of Testimony (N.T.), 9/4/19, at 4.  She explained:

---

[2] Section 402(b) of the Law provides that a claimant is ineligible for UC benefits for any week "[i]n which his [or her] unemployment is due to voluntarily leaving work without cause of a necessary and compelling nature."  43 P.S. § 802(b).

[3] In her decision, the Referee stated:  "Although duly notified of the date, time and place of the [UC] hearing, [E]mployer failed to appear for the hearing to present testimony and evidence on the issues under appeal."  Ref.'s Order, 9/5/19, at 2.

2

[W]hen I tried to send [the appeal] through, it had[] . . . these little dots on and around it. So[] I wasn't sure if it went through or not. Then I called the 1-800 number to see, had they received it? And they told me, no, that they didn't receive it and that my case was up in Scranton. So[] that's how I ended up getting the e[]mail address from the . . . 1-800 number.

*Id.* The Referee then stated that the UC claim records entered into evidence indicated that Claimant spoke with a Department representative by phone on August 2, 2019. *Id.* at 5. Claimant agreed that she spoke with a representative on August 2, 2019. *Id.* Claimant then reiterated that when she called the Department, "they said they ha[d]n't received anything, so they gave me the e[]mail . . . address" and "I e[]mailed [the appeal]." *Id.*

Following the hearing, the Referee dismissed Claimant's appeal as untimely. The Referee reasoned as follows:

[T]he competent evidence in the hearing record establishes that [C]laimant filed an appeal on August 7, 2019, [from] the Notice of Determination issued by the Scranton UC Service Center on July 19, 2019. Here, [C]laimant carries a heavy burden to justify an untimely appeal. The Referee finds that [C]laimant did not present credible evidence[4] to establish that she filed an appeal by email on or before the appeal expiry period. Furthermore, [C]laimant takes the risk of delay, disruption, or interruption when filing an appeal electronically. As the provisions of Section 501(e) [of the Law] are mandatory, and the Referee has no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period, [C]laimant's appeal is dismissed.

Ref.'s Order, 9/5/19, at 2; *see* Bd.'s Order, 10/23/19, at 1.

---

[4] The Board modified this sentence of the Referee's decision, changing "competent evidence" to "credible evidence" because "technically the best evidence rule does not apply to [UC] hearings." Bd.'s Order, 10/23/19, at 1.

3

Claimant appealed to the Board, which adopted the Referee's findings of fact and conclusions of law, with one modification. *See supra* note 4. The Board further concluded:

> [C]laimant . . . fail[ed] to adequately explain why she still did not submit an appeal before the August 5, 2019 deadline, after she was informed by telephone on August 2, 2019 that her appeal was not received, instructed to fax an appeal request, and provided an email address at her request.

Bd.'s Order, 10/23/19, at 1. Therefore, the Board affirmed the dismissal of Claimant's appeal as untimely. Claimant now petitions this Court for review.[5]

### Analysis

On appeal, Claimant asserts that the Board erred in dismissing her appeal because her failure to comply with the 15-day statutory deadline was due to an administrative breakdown. She claims that she filed her appeal online several days before the deadline, but "the [Department's] website malfunctioned." Claimant's Br. at 7 (capitalization omitted). Claimant contends that this Court should permit her to appeal *nunc pro tunc* because she filed her appeal by email only two days after the deadline. *Id.* at 7, 10.

Section 501(e) of the Law requires a claimant to file an appeal from a Department determination within 15 days of the date of mailing to the claimant's last known postal address. 43 P.S. § 821(e). Our Court has held that the "15-day time limit is mandatory and subject to strict application." *Vereb v. Unemployment Comp. Bd. of Rev.*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996) (*en banc*). If the

---

[5] Where the party with the burden of proof was the only party to present evidence and did not prevail below, our scope of review is limited to determining whether the Board capriciously disregarded competent evidence and whether there was a constitutional violation or an error of law. *Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838, 842 n.4 (Pa. Cmwlth. 2017).

claimant does not file an appeal within 15 days, "*the determination becomes final, and the [Department] does not have the requisite jurisdiction to consider the matter.*" *Id.* (emphasis added). Even an appeal filed only one day after the expiration of the 15-day time period must be dismissed as untimely. *Shea v. Unemployment Comp. Bd. of Rev.*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006).

A claimant has "a heavy burden to justify" the filing of an untimely appeal. *Constantini*, 173 A.3d at 844. "Generally, an appeal *nunc pro tunc* may be allowed when a delay in filing the appeal is caused by extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996) (citation omitted). To satisfy her burden of proof, the claimant must establish that the Department "engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [the claimant's] control caused the delay." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

Moreover, with regard to appeals filed electronically, the Board's regulations expressly provide:

> (4) *Electronic transmission other than fax transmission.* The date of filing is the receipt date recorded by the Department appeal office or the Board's electronic transmission system, if the electronic record is in a form capable of being processed by that system. A party filing by electronic transmission shall comply with Department instructions concerning format. *A party filing an appeal by electronic transmission is responsible for using the proper format and for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.*

34 Pa. Code § 101.82(b)(4) (emphasis added).

5

Here, the record establishes that on August 2, 2019, three days before the appeal deadline, a Department representative informed Claimant that the Department had not received her appeal and advised Claimant that she should submit her appeal to the Department by fax or email. N.T., 9/4/19, at 5; Bd.'s F.F. No. 4. However, Claimant did not file her appeal by email until August 7, 2019, two days *after* the deadline. Bd.'s F.F. No. 4; *see* Claimant's Br. at 5-6. There is no indication in the record as to why Claimant did not file her appeal before the August 5, 2019 deadline after learning that her first appeal attempt was unsuccessful, nor does she offer any explanation for this delay in her brief.[6] Claimant offered no evidence establishing that her untimely appeal was caused by fraudulent or negligent conduct by the Department or non-negligent conduct beyond Claimant's control. *See Hessou*, 942 A.2d at 198. Therefore, we conclude that Claimant failed to meet her burden of proving that her late appeal was caused by fraud or an administrative breakdown.

## Conclusion

Accordingly, because we conclude that Claimant's appeal was untimely and she did not establish a right to *nunc pro tunc* relief, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

---

[6] In her Petition for Review, Claimant also avers that, at the hearing, she "attempted to show her aborted online appeal to the Referee through her cell phone, but the Referee refused to review [Claimant's] evidence." Pet. for Review, 11/25/19, ¶ 12; *see* Claimant's Br. at 6-7. Claimant, however, failed to raise this issue in her appeal to the Board. *See* R. Item No. 9. Therefore, to the extent Claimant is attempting to challenge this evidentiary issue on appeal, we conclude that she has waived the issue. *See Merida v. Unemployment Comp. Bd. of Rev.*, 543 A.2d 593, 595-96 (Pa. Cmwlth. 1988) (stating that any issues not specifically raised in appeal to the Board are waived).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shauna M. Cottman,                          :
     Petitioner              :
            :
   v.                                        : No. 1716 C.D. 2019
            :
Unemployment Compensation Board :
of Review,                                  :
     Respondent             :

## **O R D E R**

  AND NOW, this 4th day of December, 2020, the Order of the Unemployment

Compensation Board of Review, dated October 23, 2019, is hereby AFFIRMED.

        _____
        ELLEN CEISLER, Judge