IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shen Smiles, P.C.,                          :
                        Petitioner          :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :     No. 1582 C.D. 2019
                        Respondent          :     Submitted: December 8, 2020


BEFORE:     HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: January 11, 2021


            Shen Smiles, P.C. (Employer) petitions this Court for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) October 11, 2019
order affirming the Referee's decision granting Catherine M. Martin (Claimant) UC
benefits. The issue before the Court is whether the UCBR erred by concluding that
Employer did not meet its burden of proving that Claimant engaged in willful
misconduct under Section 402(e) of the UC Law (Law).[1] After review, we affirm.

            Claimant was employed as a full-time office manager in Employer's
dental office from March 2013 until April 18, 2019. On March 26, 2019, Claimant
directed Employer's dental hygienist to take x-rays of Claimant's uncle's teeth while
dentist Linda Shen (Shen), Employer's owner, was not present in the office.
Claimant's uncle was not Employer's patient. On April 18, 2019, Employer

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e) (referring to willful misconduct).

terminated Claimant's employment for practicing dentistry without a license, citing to Section 11.4(a) of The Dental Law.[2]

Claimant applied for UC benefits. On May 17, 2019, the Duquesne UC Service Center found Claimant ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed, and a Referee held a hearing on June 19, 2019. Shen testified for Employer. Claimant appeared on her own behalf, and presented testimony of former co-workers, Wydalis Rodriguez (Rodriguez) and Angela Contreras (Contreras). On June 20, 2019, the Referee concluded that Employer failed to meet its burden of demonstrating that Claimant engaged in willful misconduct, and reversed the UC Service Center's determination. Employer appealed to the UCBR. On October 11, 2019, the UCBR affirmed the Referee's decision. Employer appealed to this Court.[3]

Initially, Section 402(e) of the Law provides that an employee shall be ineligible for UC benefits for any week in which his/her unemployment is due to discharge or suspension for willful misconduct.

> [W]illful misconduct is defined by the courts as: (1) *wanton and willful disregard of an employer's interests*; (2) *deliberate violation of rules*; (3) disregard of the

---

[2] Act of May 1, 1933, P.L. 216, *as amended*, added by Section 12 of the Act of December 20, 1985, P.L. 513, 63 P.S. § 130e. Section 11.4(a) of The Dental Law states, in pertinent part:

> On and after January 1, 1987, no auxiliary personnel except dental hygienists and public health dental hygiene practitioners shall perform radiologic procedures on the premises of the dentist unless such person is under the direct supervision of a dentist who is on the premises at the time the [x]-ray is taken . . . .

63 P.S. § 130e(a). Employer, the Referee and the UCBR erroneously referred to the restriction in Section 11.4(a) of The Dental Law as the State Board of Dentistry's *regulation*. *See* Reproduced Record at 7a, 27a and UCBR Op. at 1.

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Rev.*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. *The employer bears the initial burden of establishing a claimant engaged in willful misconduct*. Whether a claimant's actions constitute willful misconduct is a question of law fully reviewable on appeal.

The issue of whether Claimant's conduct constituted willful misconduct under Section 402(e) of the Law is a question of law fully reviewable by this Court.

*Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009-10 (Pa. Cmwlth. 2014) (emphasis added; citations omitted). The law is well established that:

[T]he [*UCBR*] is the ultimate fact-finder in [UC] matters and *is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence*. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence[4] supports the [UCBR's] findings, they are conclusive on appeal.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (emphasis added; citations omitted). "*Questions of credibility* and the resolution of evidentiary conflicts are within the discretion of the UCBR and *are*

---

[4] Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion In determining whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence.

*Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838, 842 (Pa. Cmwlth. 2017) (citation omitted).

*not subject to re-evaluation on judicial review*." *Bell v. Unemployment Comp. Bd. of Rev.*, 921 A.2d 23, 26 n.4 (Pa. Cmwlth. 2007) (emphasis added).

In the instant matter, Shen testified that Claimant engaged in willful misconduct by practicing dentistry without a license when she directed a dental hygienist to take her uncle's x-rays without Shen's permission and in her absence. *See* Reproduced Record (R.R.) at 7a. According to Shen, she did not give Claimant permission to direct the taking of the x-rays and Shen was not at the office when the x-rays were taken. *See* R.R. at 8a-9a, 21a-22a.

Claimant testified that she requested and obtained Shen's consent to have her uncle's x-rays taken. *See* R.R. at 9a. She explained that a dental hygienist took her uncle's x-rays and that, on Wednesdays, when no dentists were at the office, dental hygienists routinely took x-rays with the doctor's permission. *See* R.R. at 10a. Rodriguez and Contreras corroborated Claimant's assertions. *See* R.R. at 14a, 16a, 19a. Claimant expounded that she was unaware of legal prohibitions relating to her conduct. *See* R.R. at 10a-11a. Finally, she contradicted Shen's testimony that Shen was absent when the x-rays were taken, stating that Shen returned while the x-rays were being taken. *See* R.R. at 12a.

The UCBR explicitly found Claimant and her witnesses credible, and that Shen's testimony lacked credibility. This Court may not re-evaluate the UCBR's credibility determinations. *See Bell*. Based on the record evidence, the [UCBR] explained, "[a]s a dental hygienist took the x-ray[s] with [E]mployer's prior authorization, the [UCBR] does not find [E]mployer's argument persuasive that [C]laimant should have known that she was violating dental regulations." UCBR Op. at 1. Because Employer failed to present credible evidence that Claimant engaged in willful misconduct, Employer failed to sustain its burden of proof.

4

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shen Smiles, P.C.,                        :
               Petitioner            :
                                    :
       v.                         :
                                      :
Unemployment Compensation      :
Board of Review,                       :    No. 1582 C.D. 2019
               Respondent          :

O R D E R

AND NOW, this 11th day of January, 2021, the Unemployment Compensation Board of Review's October 11, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge