# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kiara E. Calverley,             :
         Petitioner         :
                             :
         v.                   : No. 736 C.D. 2017
                             : SUBMITTED: January 19, 2018
Unemployment Compensation    :
Board of Review,               :
         Respondent     :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                     FILED: February 12, 2018

Kiara E. Calverley (Claimant) petitions for review, *pro se*, of the April 11, 2017 order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee to dismiss Claimant's appeal as untimely. We affirm.

Claimant filed an application for unemployment compensation benefits on December 11, 2016. The local service center determined that Claimant was financially ineligible for benefits under section 404(c) of the Unemployment Compensation Law (Law)[1] because her employer, Sky Financial Services, Inc.

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(c). Section 404(c) of the Law provides that "[n]otwithstanding any other provision of this act, any employe with less than sixteen (16) 'credit weeks' during the employe's base year shall be ineligible to receive any amount of compensation." 43 P.S. § 804(c).

(Employer), had not reported Claimant's wages to the Commonwealth of Pennsylvania. R. Item Nos. 1-2; N.T., 2/2/17, at 5. On December 20, 2016, the local service center mailed a Notice of Financial Determination (Notice) to Claimant's last known postal address. Ref.'s Findings of Fact, Nos. 1-2.[2] The Notice was not returned by the United States Postal Service as "undeliverable." *Id.*, No. 3. The Notice informed Claimant that she had until January 4, 2017 to file an appeal from the Notice. *Id.*, Nos. 4-5. Claimant did not file an appeal on or before January 4, 2017. *Id.*, No. 6.

On January 9, 2017, Claimant appealed to the referee. *Id.* The referee held an evidentiary hearing on February 2, 2017. Claimant participated in the hearing by telephone and was the only witness to testify. Employer did not attend the hearing. *See* N.T., 2/2/17, at 1.

At the hearing, Claimant testified that she received the Notice before January 4, 2017 but did not file an appeal before that date. *Id.* at 5-6. Claimant stated that she was unsure if she needed to file an appeal because she was still able to file her bi-weekly wage claims. *Id.* at 6. Claimant further testified that after multiple, unsuccessful attempts to contact the Department of Labor and Industry (Department)

---

[2] The Board adopted and incorporated the referee's findings of fact and conclusions of law in their entirety. *See* Bd.'s Order, 4/11/17, at 1.

by phone to ask whether she should file an appeal, she decided to file an appeal on January 9, 2017 "just in case." *Id.*

On February 3, 2017, the referee dismissed Claimant's appeal as untimely under section 501(e) of the Law, 43 P.S. § 821(e).[3] The referee found that Claimant was neither misinformed nor misled regarding her right of appeal or her need to file a timely appeal. Ref.'s Findings of Fact, No. 7. The referee also found that Claimant's filing of a late appeal was not the result of fraud, a breakdown in the appellate system, or non-negligent conduct. *Id.*, No. 8.

Claimant timely appealed to the Board, which adopted the referee's findings of fact and conclusions of law and affirmed the referee's decision. The Board determined that Claimant failed to establish fraud or an administrative breakdown so as to justify her untimely appeal. The Board concluded:

> The claimant did not file an appeal from the determination at issue by the January 4, 2017, deadline because she did not think [she] needed to given that [she] was able to continue filing her bi-weekly claims. This does not

---

[3] Section 501(e) of the Law provides:

> Unless the claimant . . . files an appeal . . . from the determination contained in any notice required to be furnished by the [D]epartment [of Labor and Industry] under section [501] (a), (c) and (d) [of the Law], within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (internal footnote omitted).

> constitute sufficient reason for finding her appeal timely[,] as claimants are specifically instructed to continue filing their bi-weekly claims during the pendency of their appeals even if they were denied benefits.

Bd.'s Order, 4/11/17, at 1. Claimant now appeals to this Court.[4]

Claimant asserts that her late appeal was caused by an administrative breakdown. Specifically, she claims that she repeatedly called the Department before the appeal deadline to inquire about the status of her claim but was unable to reach a representative. Claimant asserts that her inability to speak with a Department representative regarding her claim constituted an administrative breakdown, thereby justifying her filing of an untimely appeal. We disagree.

Section 501(e) of the Law requires a claimant to file an appeal from a Department determination within 15 days of the date of mailing to the claimant's last known postal address. 43 P.S. § 821(e). The "15-day time limit is mandatory and subject to strict application." *Vereb v. Unemployment Comp. Bd. of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996) (*en banc*). If the claimant does not file an appeal within 15 days, "the determination becomes final, and the [Department] does not have the requisite jurisdiction to consider the matter." *Id.*

---

[4] Where the party with the burden of proof was the only party to present evidence and did not prevail below, our scope of review is limited to determining whether the Board capriciously disregarded competent evidence and whether there was a constitutional violation or an error of law. *Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 842 n.4 (Pa. Cmwlth. 2017).

4

A claimant has "a heavy burden to justify" the filing of an untimely appeal. *Constantini*, 173 A.3d at 844. "Generally, an appeal *nunc pro tunc* may be allowed when a delay in filing the appeal is caused by extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996) (citation omitted). To satisfy his or her burden of proof, the claimant must establish that the Department "engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [the claimant's] control caused the delay." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

The Pennsylvania Supreme Court has explained that an administrative breakdown occurs when "an administrative board or body is negligent, acts improperly[,] or unintentionally misleads a party." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review*, 746 A.2d 581, 584 (Pa. 2000); *see Hessou*, 942 A.2d at 198 (noting that examples of administrative breakdown include when referee mails decision to incorrect address, Department does not provide adequate assistance to claimant with cognitive impairment, or Department official misleads claimant as to proper procedure for filing appeal).

We reject Claimant's assertion that her failure to reach a Department representative by phone before the appeal deadline constituted an administrative breakdown. The record contains no evidence that the Department misled or

5

misinformed Claimant about her right to appeal. In fact, Claimant's testimony established that she received the Notice before the appeal deadline and was aware of the January 4, 2017 deadline and her need to file a timely appeal. *See* N.T., 2/2/17, at 5-6; Ref.'s Findings of Fact, Nos. 7-8. Claimant testified that she filed her appeal late because she was unsure of her claim status. However, nothing prevented Claimant from filing a timely appeal while she attempted to seek clarification from the Department. *See Hessou*, 942 A.2d at 200 (concluding that Board's alleged failure to return claimant's phone calls did not warrant *nunc pro tunc* relief where neither Board nor referee engaged in fraudulent behavior or negligent conduct and referee's decision notified claimant of appeal period). The evidence established that Claimant's own conduct caused the delay. We conclude that Claimant failed to satisfy her burden of proving that her untimely appeal was caused by fraud, an administrative breakdown, or non-negligent conduct beyond her control.[5]

---

[5] In her brief, Claimant also asserts that she was not required to appeal from the Department's December 20, 2016 Notice because her "reason for being denied eligibility was later found to be erroneous." Claimant's Br. at 6. In support of this argument, Claimant relies on the Department's April 25, 2017 Notice of Revised Standing Order, which was issued in another appeal involving Claimant. *See* Claimant's Br., Ex. B. However, because the April 25, 2017 Notice appended to Claimant's brief is not included in the certified record before this Court, we will not consider it. *See Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) (*en banc*) ("This Court may not consider auxiliary information appended to a brief that is not part of the certified record on appeal.").

Accordingly, we affirm.


                                       _____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kiara E. Calverley,             :
          Petitioner     :
                        :
         v.           :  No. 736 C.D. 2017
                        :
Unemployment Compensation  :
Board of Review,            :
          Respondent   :

# O R D E R

AND NOW, this 12th day of February, 2018, the order of the Unemployment Compensation Board of Review, dated April 11, 2017, is hereby affirmed.

_____
ELLEN CEISLER, Judge