IN THE COMMONWEALTH COURT OF PENNSYLVANIA

GNC Community Federal　　　:
Credit Union,　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　Petitioner　 :
　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　 : 963 C.D. 2021
　　　　　　　　　　　　　　　: Submitted: June 24, 2022
Unemployment Compensation　 :
Board of Review,　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　Respondent　 :


BEFORE:　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK　　　　　　　　　　　　FILED: May 17, 2023


　　　　GNC Community Federal Credit Union (Employer) petitions for review of the August 2, 2021 decision and order of the Unemployment Compensation Board of Review (Board) that vacated the decision of a Referee and dismissed Employer's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-919.10. Section 501(e) of the Law, 43 P.S. §821(e), provides as follows:

> Unless the claimant or last employer or base-year employer of the
> claimant files an appeal with the [B]oard, from the determination

**(Footnote continued on next page…)**

The facts as found by the Board and supported by the record are as follows. Annette Buckel (Claimant) was employed by Employer as a teller from June 2014, until she was separated from her employment on October 5, 2020. Reproduced Record (R.R.) at 80a. On that date, Employer terminated Claimant's employment for alleged violations of Employer's cash over/short policy, based on Claimant's repeated failures to balance her teller drawer. *Id.* at 9a. Claimant filed for unemployment compensation (UC) benefits under the Law, which Employer opposed. The Department of Labor and Industry (Department) Office of UC Benefits (Office) issued a Notice of Determination (Determination) with a mailing date of February 1, 2021, in which it found Claimant not ineligible for UC benefits under Section 402(e) of the Law, 43 P.S. §802(e).[2] *Id.* at 11a-13a. The Office found that Employer failed to sustain its burden to prove Claimant was discharged for willful misconduct, when Claimant "worked to the best of her ability." *Id.* at 11a.

Critical here, the Determination displayed a mailing date of February 1, 2021, Claimant's mailing address, Employer's mailing address of 201 S. Jefferson

contained in any notice required to be furnished by the [D]epartment . . . within [15] calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Section 501(e) of the Law was recently amended to permit a claimant or employer to appeal a determination to the Board "no later than [21] calendar days after the 'Determination Date' provided on such notice[.]" The amended appeal period "shall apply to determinations issued . . . on or after . . . July 24, 2021." *See* 43 P.S. §821. Here, the determination was issued on February 1, 2021, such that the 15-day appeal period applies. Neither party argues that the 21-day appeal period is applicable here.

[2] Section 402(e) of the Law provides that a claimant is ineligible for UC benefits when her unemployment is due to discharge "for willful misconduct" connected to her work.

2

Street, New Castle, PA 16101, four separate notations of February 16, 2021, as the last day to appeal the Determination, and instructions for filing an appeal. R.R. at 11a-13a. Employer filed its appeal of the Determination on February 19, 2021, contesting Claimant's eligibility, and noting that the Determination was not received by Employer until February 11, 2021. *Id.* at 14a-17a. A telephone hearing was held before the Referee on March 18, 2021, at which Claimant and Employer participated and were represented by counsel. *Id.* at 18a. Claimant testified on her own behalf, and Employer offered testimony from two branch managers and its Chief Executive Officer Dianna Cecchini (CEO). The Referee considered testimony and documentary evidence regarding both the timeliness of Employer's appeal and the merits. *Id.* at 18a-79a.

As to the timeliness of Employer's appeal, the Referee found that the Determination dated February 1, 2021, was mailed to Employer's address of record, and was not returned by the postal authorities as being undeliverable, and that Employer's attorney faxed its appeal to the UC Service Center on February 19, 2021, three days after the stated deadline of February 16, 2021. R.R. at 81a. The Referee concluded that Employer's appeal should be allowed to proceed *nunc pro tunc* because Employer demonstrated that its late appeal was due to "non-negligent circumstances," and Employer's attorney faxed the appeal eight days after the CEO received the Determination. *Id.* at 82a The Referee found that

> it is unclear by the competent evidence in the record when [E]mployer received the [] Determination; however[,] [E]mployer's witness who was the CEO credibly testified that she personally received the Determination on February 11, 2021[,] when another employee hand-delivered it to her from another location that day. [E]mployer's witness/CEO also credibly testified that she contacted [E]mployer's attorney to represent [E]mployer

3

and file the appeal. [E]mployer's attorney faxed [E]mployer's appeal to the UC Service Center eight days after the CEO received the Determination. Based on the competent evidence in the record, the Referee grants [E]mployer's appeal pursuant to Section 501(e) of the [] Law *nunc pro tunc*.

*Id.* at 82a-83a.

As to the merits of the appeal, the Referee concluded that Claimant's separation from employment was not voluntary, and would be treated as a discharge under Section 402(e) of the Law. R.R. at 83a. The Referee concluded that Claimant was eligible for UC benefits because her violations of Employer's cash over/short policy did not rise to the level of willful misconduct. *Id.* at 84a. The Referee determined that the competent evidence of record established that Employer condoned Claimant's mistakes during her many years of employment and did not specifically follow the disciplinary steps outlined in the policy. *Id.* Thus, the Referee concluded that Claimant was eligible for benefits. *Id.*

Employer timely appealed the Referee's decision to the Board which considered the appeal on the record without taking additional evidence. The Board concluded that the Referee erred in permitting Employer's late appeal *nunc pro tunc*, vacated the Referee's decision, and dismissed Employer's appeal as untimely. R.R. at 93a-94a. The Board did not address the merits of Claimant's eligibility for benefits because it concluded that the Referee lacked jurisdiction over Employer's untimely appeal. *Id.* at 93a.

The Board made the following specific findings of fact regarding the timeliness of Employer's appeal. The Board found that the Department had issued a Determination on February 1, 2021, which was mailed on the same date to Employer at its last known post office address at 201 S. Jefferson Street, New Castle, PA 16101. R.R. at 92a. The Board found that there was no evidence that the

4

Determination mailed to Employer was returned as undeliverable by the post office. *Id.* The Board found that the Determination informed Employer that February 16, 2021, was the last day to file an appeal, and that Employer "waited until February 19, 2021, to file its appeal." *Id.* The Board further found that Employer's CEO personally reviews UC mailings, and that the CEO is not located at the 201 S. Jefferson Street facility, but at another location. *Id.* The Board found that "two times a week, on Tuesdays and Thursdays," Employer has a runner pick up mail received at the 201 S. Jefferson Street address, and "delivers it to the CEO's location for her review." *Id.* The Board further found that although the CEO had no first-hand evidence as to when the Determination was received at the 201 S. Jefferson Street address, "[o]n Thursday, February 11, 2021, the runner delivered the [D]etermination at issue that was received at the S. Jefferson Street facility to the CEO." *Id.* at 92a-93a. The Board further found that the CEO immediately opened the Determination that granted benefits to Claimant and wanted to appeal. *Id.* The Board found that there is "no evidence that [E]mployer was misinformed or misled by the [UC] authorities regarding its right or the necessity to appeal." *Id.* at 93a.

The Board reviewed the 15-day appeal period in Section 501(e) of the Law, and concluded that Employer filed its appeal by fax on February 19, 2021, which was after the February 16, 2021 deadline. R.R. at 93a. The Board rejected as incorrect Employer's argument that the appeal clock does not start running "until the date a party receives the determination." The Board cited Section 101.82(a) of the Department's regulations, 34 Pa. Code §101.82(a), which provided that "a party seeking to appeal a Department determination shall file an appeal . . . on or before the 15th day after the date on which the notification of the decision of the Department

5

was . . . mailed to him at his last known post office address."[3]  *Id.*  Based on these facts, the Board concluded that Employer's appeal was untimely filed.  *Id.*

The Board also rejected Employer's argument that its late appeal should be accepted *nunc pro tunc* due to non-negligent circumstances relating to Employer's handling of its mail.  R.R. at 93a.  The Board found:

> It is not clear when the [D]etermination was received at the S. Jefferson Street location.  It may have been received at that location days before February 11, 2021[,] and just sat there awaiting the runner to pick it up on his twice-weekly run.  The runner, however, did not appear and provide any testimony as to when he first found the [D]etermination at the S. Jefferson Street location.  ([E]mployer's failure to check its mail on a daily basis at the S. Jefferson Street location may have contributed to any delay the CEO experienced in personally receiving the [D]etermination.)  The record only shows that the runner delivered it to the CEO on Thursday, February 11, 2021.  This still gave [E]mployer five days to respond.  The CEO admitted that it usually takes her only [10] to [15] minutes to draft a UC appeal.  Unfortunately, [E]mployer did not act promptly, but instead filed its appeal three days late.

*Id.*

The Board concluded that the provisions of Section 501(e) of the Law are mandatory, and that the Board and its referees "have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein."  R.R. at 93a.  The Board concluded that Employer's

_____

[3] Section 101.82 of the Department's regulations, 34 Pa. Code §101.82, was amended on March 12, 2022, to include the 21-day appeal period in Section 501(e) of the Law, which became effective on July 24, 2021.  The current regulation requires the Department to mail a copy of the determination to each party's last known post office address or to transmit the determination electronically, as designated by the party.  As indicated, neither party argues that the current regulation applies here.

6

"filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct." *Id.* Because it lacked jurisdiction to hear Employer's late appeal, the Board did not address the merits of Claimant's eligibility, vacated the Referee's decision, and dismissed Employer's appeal. *Id.* at 92a-94a. Employer timely appealed the Board's decision to this Court.[4]

We are mindful that the Board, not the Referee, is the factfinder in the appeal before us. It is well settled:

> [T]he Board is the ultimate fact[]finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact[]finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the Board[']s findings, they are conclusive on appeal. . . . [T]he prevailing party below [] is entitled to the benefit of all reasonable inferences drawn from the evidence.

*Ductmate Industries, Inc. v. Unemployment Compensation Board of Review,* 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (internal citations omitted).

The following framework governs our analysis of whether the Board erred in concluding that Employer's late appeal could not proceed *nunc pro tunc*. The 15-day appeal period in Section 501(e) of the Law, applicable here, is "mandatory and subject to strict interpretation." *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth.1996).

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law occurred, or whether necessary findings of fact are supported by substantial evidence. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197 n.3 (Pa. Cmwlth. 2008).

In addition,

> [the f]ailure to timely appeal an administrative agency's action is a jurisdictional defect, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Sofronski v. Civil Serv*[*ice*] *Comm*[*ission*]*, City of Philadelphia*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). Thus, a petitioner carries a heavy burden to justify an untimely appeal. *Blast Intermediate Unit #17 v. Unemployment Comp*[*ensation*] *B*[*oard*] *of Review*, [645 A.2d 447, 449 (Pa. Cmwlth.] 1994). As a result, an appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the petitioner, her counselor or a third party. *Cook v. Unemployment Comp*[*ensation*] *B*[*oard*] *of Review*, [671 A.2d 1130, 1131 (Pa.] 1996).

*Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017).

Here, Employer argues that the Board erred in denying its *nunc pro tunc* appeal when its late appeal was caused by its delayed receipt of the Determination due to non-negligent circumstances. Employer also notes that it filed the appeal just three days after the deadline, and just eight days after the CEO received the Determination. Employer argues that its *nunc pro tunc* appeal should be permitted under *Cook*, 671 A.2d 1130. Employer does not argue that its late appeal was caused by fraud or breakdown in the Board's process, so the focus is whether Employer's delay was caused by non-negligent circumstances. The Board responds that Employer's delay was not caused by extraordinary circumstances, and that any delay in delivery of the Determination to the CEO was caused by Employer's negligent actions.

8

We disagree with Employer and discern no error in the Board's findings regarding Employer's receipt of the Determination. Substantial evidence of record, through the credited testimony of Employer's CEO, supports the Board's finding that although it is not clear when the Determination was received at the S. Jefferson Street location, it was received by the CEO on February 11, 2021, after Employer's runner delivered it to her. R.R. at 49a, 93a. Again, based on the CEO's credited testimony, it usually only takes her 10 to 15 minutes to draft a UC appeal, and Employer provided no evidence as to why it failed to file its appeal until eight days later, three days after the appeal deadline. *Id.* at 52a, 93a. Accordingly, we discern no error in the Board's finding regarding Employer's receipt of the Determination.[5]

Further, we disagree with Employer that the facts here would permit its *nunc pro tunc* appeal under *Cook*, 671 A.2d 1130. In *Cook*, our Supreme Court considered whether a claimant could be permitted to appeal *nunc pro tunc* when he filed his appeal four days late because he was hospitalized. *Id.* at 1131. The Court found no substantial evidence of record that the claimant was able to conduct his appeal from his hospital bed. *Id.* at 1132. The Court concluded that the claimant could be permitted to appeal *nunc pro tunc* where

> an appeal is not timely because of *non-negligent circumstances either as they relate to appellant or his counsel*, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay . . . .

*Id.* at 1131 (emphasis added).

---

[5] Employer argues that the Board mailed the Determination on February 3, 2021, and that the Determination indicates it was mailed on February 3, 2021. *See* Petitioner's Brief at 5, R.R. at 16a. However, the record is clear, and the Board found, that the Determination was dated and mailed on February 1, 2021. *See* R.R. at 11a, 92a.

9

Here, we acknowledge Employer's argument that it filed its appeal on February 19, 2021, three days after the appeal deadline and eight days after the CEO received the Determination. However, Employer failed to prove that any delay in its CEO's receipt of the Determination on February 11, 2021, was the result of "non-negligent circumstances either as they relate to appellant or his counsel," as the Supreme Court explained in *Cook*, 671 A.2d at 1131. In fact, substantial evidence of record, through the credited testimony of the CEO, supports the Board's finding that any delay in receipt of the Determination by the CEO was the result of Employer's internal mail delivery processes, and not by its non-negligent conduct. Further, Employer provided no evidence that extraordinary circumstances prevented mail from being timely delivered to the CEO, to permit a *nunc pro tunc* appeal. Nor did Employer provide any evidence that it was prevented from timely filing its appeal when the CEO received the Determination five days before the appeal deadline. We conclude that the facts presented in *Cook* are distinguishable from the facts presented here, and that *Cook* does not permit Employer's *nunc pro tunc* appeal.

Our Court's decision in *Constantini*, 173 A.3d 838, is more applicable here regarding whether a party's non-negligent conduct should permit a *nunc pro tunc* appeal. In *Constantini*, we considered whether a claimant's late appeal should be permitted when the reasons for her late filing were stress caused by several ongoing legal issues, a breakdown in her home computer network, and multiple medical appointments during the period of time before her appeal was due. *Id.* at 845. Based on these facts, this Court declined to apply *Cook*, and held that the Board properly dismissed the claimant's appeal as untimely, "given that the late appeal was clearly attributable to [c]laimant's *own* negligence." *Constantini*, 173 A.3d at 845

10

(emphasis in original). *See also Hessou,* 942 A.2d 194 (claimant's unfamiliarity with Board procedures does not excuse late filing); *Best Courier v. Department of Labor and Industry, Office of Unemployment Compensation Tax Service*, 220 A.3d 696 (Pa. Cmwlth. 2019) (employer's failure to monitor its internal mail delivery does not excuse late filing).

Finally, we reject Employer's argument that the Board erred by refusing to address whether Claimant was ineligible for benefits due to her willful misconduct. When the Board concluded that Employer's appeal was untimely, it lacked jurisdiction to address the merits. *Constantini*, 173 A.3d at 844.

Accordingly, the Board's order is affirmed.

MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

GNC Community Federal
Credit Union,

                Petitioner

          v.

Unemployment Compensation
Board of Review,

              Respondent

:
:
:
:
:
:
:
:
:
:
:
:
:
:

963 C.D. 2021

# **O R D E R**

AND NOW, this 17th day of May, 2023, the order of the Unemployment Compensation Board of Review dated August 2, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge