**William T. FRAZIER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 2003.

Decided Oct. 15, 2003.

---

Timothy G. Wojton, Pittsburgh, for Petitioner.

Teresa H. DeLeo, Harrisburg, for Respondent.

BEFORE: COLINS, President Judge, SMITH-RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

William Frazier petitions for review of the order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(e) of the Unemployment Compensation Law (Law),[1] which provides that an employee is ineligible for benefits when his unemployment is due to his discharge for willful misconduct.

Frazier worked as a certified nurse's aide for Jefferson Hills Manor, a skilled rehabilitation and care center, from October 10, 2001[2] until June 24, 2002. After Frazier pleaded guilty to two misdemeanor charges of theft by unlawful taking and two charges of defiant trespass, Jefferson Hills terminated his employment for the reason that Pennsylvania Department of Aging regulations prohibit the employment of persons who have been convicted of two or more prohibited offenses. Frazier was initially determined to be eligible for benefits.

At a hearing before a referee, Jefferson Hills Director of Nursing Roslyn Hoffman testified that Frazier was hired provisionally pending the result of a criminal background check, and that that would have been explained to him when he was hired. She explained that a background check is initiated before a new employee is hired, but that if the background check is pending (i.e., charges are pending),[3] the em-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937), 2897, *as amended*, 43 P.S. § 802(e).

2. Frazier's initial application for benefits and the employer's separation information reference a starting date of October 10, 2001. At the hearing Frazier testified that he started with Jefferson Hills on October 15, 2000, and the referee adopted that date.

3. She stated that Frazier alerted the employer to problems with his criminal history.

ployer hires the person provisionally. She testified that the employer received Frazier's final background check in mid-June 2002, and that she met with him on June 23, 2002 and discharged him. The employer presented a list of prohibited offenses that included theft.

Frazier testified that he loved his job, and that had he known that pleading guilty to the theft charges would result in termination of his employment he would not have so pleaded. He acknowledged that two more serious burglary charges were withdrawn in exchange for the guilty pleas. He explained that he was tired of missing work for court appearances and decided to plead guilty when the burglary charges would be withdrawn.

The referee reversed the service center's determination. Based on the facts, the referee concluded that Frazier's inability to refrain from criminal behavior that violated the Department of Aging regulations, which Jefferson Hills maintained as a work rule, constituted willful misconduct. The Board adopted the referee's decision in its entirety.

On appeal,[4] Frazier argues that the Board erred in concluding that he was discharged for willful misconduct because the employer produced no evidence that he was aware of the work rule prohibiting two or more prohibited offenses and that he would not have pleaded guilty had he known of the existence of the rule. In the alternative, he argues that the Board erred in denying him benefits pursuant to Section 3 of the Law, 43 P.S. § 752, because he is unemployed through no fault of his own.

## Willful Misconduct under Section 402(e), Violation of Work Rule

Willful misconduct within the meaning of Section 402(e) includes behavior that evidences a willful disregard of the employer's interests, the deliberate violation of the employer's work rules, and the disregard of standards of behavior that the employer can rightfully expect from its employees. *Perez v. Unemployment Compensation Board of Review*, 736 A.2d 737 (Pa.Cmwlth.1999). The employer bears the burden of proving that a claimant engaged in willful misconduct for purposes of determining the claimant's eligibility for unemployment compensation. *Burger v. Unemployment Compensation Board of Review*, 569 Pa. 139, 801 A.2d 487 (2002). Once the employer establishes a prima facie case of willful misconduct, the burden shifts to the claimant to prove that his actions were justified or reasonable under the circumstances. *Kelly v. Unemployment Compensation Board of Review*, 747 A.2d 436 (Pa.Cmwlth.2000). Whether a claimant's actions rise to the level of willful misconduct is a question of law fully reviewable on appeal. *Burger.*

In the present case, the employer, Jefferson Hills, established through the testimony of its director of nursing the existence of a work rule or policy that disqualifies an employee from continued employment if he is convicted of two or more specified offenses. In this case, the employer is a facility covered by the Older Adults Protective Services Act (Act),[5] and its policy, as described by nursing director Roslyn Hoffman, apparently mirrors Chapter 5 of the Act,[6]

---

4. Our review is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

5. Act of November 6, 1987, P.L. 381, *as amended*, 35 P.S. §§ 10225.101—10225.5102.

6. Added by Section 5 of the Act of December 18, 1996, P.L. 1125, *as amended*, effective July 1, 1998.

which pertains to the criminal history of employees.[7]

 The testimony of nursing director Roslyn Hoffman supports the Board's findings that Frazier was hired provisionally pending the results of his criminal background check and that he was discharged immediately when it was determined that he pleaded guilty to two misdemeanor theft offenses. The Board concluded that Frazier's inability to refrain from developing a criminal history that would disqualify him from his employment with Jefferson Hills constituted a deliberate violation of the work rule prohibiting the employment of an employee having committed two or more misdemeanor theft offenses. The testimony supports the Board's findings and conclusions on this issue.

### Willful Misconduct Under Section 3, Off–Duty Misconduct

The Pennsylvania Supreme Court recently addressed the application of willful misconduct under Sections 3 of the Law in *Burger v. Unemployment Compensation Board of Review,* 569 Pa. 139, 801 A.2d 487 (2002), in which a nurse's aid was discharged from employment for her regular use of illegally obtained prescriptions and marijuana. In *Burger* the claimant's be-

havior did not violate an employer work rule or policy, which prohibited an employee from reporting to work or working under the influence of alcohol or drugs that cause impairment. The claimant contested the denial of benefits on the basis of willful misconduct based on the absence of evidence that her drug use affected her work performance, and this Court affirmed on the alternative ground that her behavior was inconsistent with acceptable standards of behavior and that granting benefits would be contrary to the policy stated in Section 3 of the Law, 43 P.S. § 752, in which the General Assembly declares as public policy that unemployment reserves are to be used for the benefit of persons who become unemployed through no fault of their own.

In reversing, the Supreme Court distinguished Sections 3 and 402(e) on the basis that Section 402(e) renders a claimant ineligible for benefits for work-related misconduct, and Section 3 renders a claimant ineligible for benefits for non-work-related misconduct. 569 Pa. at 144, 801 A.2d at 491. Under Section 3 the employer must demonstrate 1) that the claimant's conduct was contrary to acceptable standards of behavior and 2) that the claimant's unac-

---

**7.** Section 502 of the Act requires that a covered facility obtain a criminal history for all applicants and employees, 35 P.S. § 10225.502, and Section 503(a) of the Act prohibits a covered facility from hiring or retaining an employee who has committed any of the listed offenses, 35 P.S. § 10225.503(a). Among the listed offenses are a felony offense or two or more misdemeanors under Chapter 39 of the Crimes Code, entitled Theft and Related Offenses. [Note: This Court ruled Section 503(a) of the Act violated Article I, Section 1 of the Pennsylvania Constitution as applied to the petitioners in *Nixon v. Commonwealth,* 789 A.2d 376 (Pa.Cmwlth.2001) (remote convictions not rationally related to classification and unreflective of present or past ability to perform

jobs in covered facilities). The employees in that case had committed prohibited offenses 20 to 30 years before Chapter 5 became effective and had long worked in facilities subject to the Act.]

Section 506 of the Act permits a facility to employ an applicant on a provisional basis under certain conditions when the employer has no knowledge of information concerning the applicant's criminal background that would disqualify the applicant from employment under Section 503(a). 35 P.S. § 10225.506. Subsection (4) of that section mandates that if the criminal background check returns information that would disqualify the application under Section 503(a), "the applicant shall be immediately dismissed by the administrator." 35 P.S. § 10225.506(4).

ceptable conduct directly affects or reflects upon the claimant's ability to perform his assigned duties. 569 Pa. at 143, 801 A.2d at 490 n. 2.

Because this is a case in which the claimant violated a reasonable work rule of which he was aware, this is not a case of an employer discharging an employee for off-duty conduct unrelated to his employment. The Board properly concluded that Frazier was ineligible for benefits under Section 402(e) of the Law because his two misdemeanor offenses for theft violated a Jefferson Hills work rule against prohibited offenses that disqualified him from continued employment.

The vulnerability of the elderly and infirm residents of a skilled rehabilitation and care center requires that they be protected from employees with a recent history of offenses such as theft, burglary, and identity theft. Frazier's conduct disqualified him from continuing beyond his provisional employment status.

The order of the Board is affirmed.

Judge SMITH–RIBNER concurs in the result only.

### ORDER

AND NOW, this 15th day of October 2003, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

### CONCURRING OPINION BY Judge FRIEDMAN.

I concur in the result reached by the majority because I agree that William T. Frazier (Claimant) is not entitled to unemployment benefits. However, I disagree with the majority's conclusion that Claimant is ineligible because his conviction for theft is the deliberate violation of a work rule, i.e., willful misconduct under section 402(e) of the Unemployment Compensation Law (Law).[1] Rather, I would conclude that Claimant is not entitled to unemployment benefits because he violated section 3 of the Law.[2]

The record indicates that Claimant was charged with two counts of theft by unlawful taking which occurred on August 9, 2001. (*See* O.R., Item No. 3, Employer's Separation Information, Ex. 10.) The majority states that Claimant began working for Jefferson Hills Manor on October 10, 2001. (Majority op. at 2.) Thus, although Claimant pled guilty on May 2, 2002, resulting in Claimant's discharge, Claimant's misconduct occurred *before* Claimant was hired. For that reason, I cannot conclude that Claimant deliberately violated a known work rule.

Because Claimant's misconduct occurred before Claimant was hired, it clearly constitutes non-work-related off-duty conduct. Under section 3 of the Law, a claimant is ineligible for benefits for non-work-related conduct if: (1) the conduct was contrary to acceptable standards of behavior; and (2) the unacceptable conduct affects or reflects upon the claimant's ability to perform assigned duties. *Burger v. Unemployment Compensation Board of Review*, 569 Pa. 139, 801 A.2d 487 (2002).

Here, Claimant's theft by unlawful taking is a crime; therefore, as a matter of law, it constitutes conduct that is contrary to acceptable standards of behavior. Moreover, as a matter of law, Claimant's conviction for the two misdemeanor counts

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e).

2. 43 P.S. § 752. Section 3 of the Law states that unemployment compensation is for persons who become unemployed through no fault of their own.

of theft by unlawful taking precludes Claimant from performing his job duties. *See* section 503(a) of the Older Adult Protective Services Act, Act of November 6, 1987, P.L. 381, *as amended,* 35 P.S. § § 10225.503(a) (prohibiting a facility from hiring or retaining an employee who has committed certain enumerated offenses). Therefore, under section 3 of the Law, Claimant is not entitled to benefits.