**Frederick J. SYDNOR, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 20, 2015.
Decided April 10, 2015.

Frederick J. Sydnor, pro se.

Shawn Westhafer, Assistant Counsel, Harrisburg, for respondent.

BEFORE: DAN PELLEGRINI, President Judge, and ROBERT SIMPSON, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY President Judge DAN PELLEGRINI.

Frederick J. Sydnor (Claimant) petitions, *pro se,* for review of an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Unemployment Compensation Referee (Referee) finding him financially ineligible for unemployment compensation benefits

because he was a "direct seller" under Section 4(*l*)(4)(20) of the Unemployment Compensation Law (Law).[1] For the following reasons, we affirm.

Between October, 2012, and September, 2013, Claimant performed services exclusively for 20/20 Communications, Inc. (Company) selling consumer products directly to customers in the field but not in the Company's permanent retail establishment. Claimant executed a sales representative agreement with the Company which designated Claimant as a "direct seller" for federal tax purposes and he was paid solely on commission.

Because he was unable to perform his outside field work for a period of time due to inclement winter weather, Claimant applied for unemployment compensation benefits for that timeframe. The Department of Labor and Industry (Department) denied benefits, finding Claimant to be financially ineligible under Section 404 of the Law[2] because he did not earn eligible wages because he was a "direct seller" and any amount did not count as wages.

Claimant appealed and at the hearing before the Referee,[3] testified that he had signed an independent contractor agreement and was a sales agent for the Company, going "door to door with Verizon FiOS." (Transcript of Testimony, 5/9/14, at 2–3.) He also testified that he was paid weekly, on a commission basis, and though the Company set the hours of his shifts, "[i]t was kind of a little flexible." (*Id.* at 3.) He further testified that during his shifts, he was supervised by various general managers who would "constantly text or call [him] in the field to see how many sales [he] had, or, you know, keeping track to make sure [he] worked." (*Id.* at 4.)

■ The Referee decided that Claimant was ineligible for benefits because he was an independent contractor under Section 4(*l*)(2)(B) of the Law, making him ineligible for benefits.[4] Claimant appealed to the Board, but since benefits were denied because he was a direct seller under Section 4(*l*)(4)(20) and not an independent contractor, the Board remanded to the Referee to develop the record for the Board to consider whether Claimant was a direct seller. The majority of Claimant's testimony at the remand hearing was a repetition of his testimony at the prior hearing, except that he disagreed that he executed the Sales Representative Agreement (Agreement) because he only initialed it rather than signing it.[5] Moreover,

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(*l*)(4)(20).

2. *See* 43 P.S. § 804.

3. Although the Company was notified of every hearing before the Referee, the Company was not present at any of the hearings.

4. The Referee based her decision on the "self-employment" exemption of Section 4(*l*)(2)(B), which, in pertinent part, states:
   Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.
   43 P.S. § 753(*l*)(2)(B). Both prongs of this two-prong test must be satisfied in order for individuals rendering services for wages to be deemed independent contractors. *Electrolux Corporation v. Department of Labor & Industry*, 705 A.2d 1357, 1360 (Pa.Cmwlth.1998).

5. In this testimony, Claimant added that he never signed the Sales Representative Agreement but admitted that he had initialed it. He testified:
   R: Okay and so is there a copy of an agreement in this file that was entered into the record at the prior hearing?

Claimant testified as to his disagreement with being designated a direct seller in the Agreement because the Company made a "substantial profit off of my sales so they pay me actually for my sales and then, whatever you know they keep the majority, you know so, you know who's the direct sell [sic] here is questionable." (Transcript of Testimony, 8/15/14, at 7.)

■ The Board held that Claimant is financially ineligible for compensation benefits because his work for the Company was as a direct seller and not an employee, and his earnings were not eligible as base year wages. Claimant requested a reconsideration of the Board's decision under the self-employment exemption of the Law. The Board denied Claimant's request due to its lack of jurisdiction. This appeal followed.[6]

■ On appeal, Claimant contends that the Board erred by focusing on the direct seller exemption of the Law and not considering the self-employment exemption. He contends that he was an employee of the Company and not a direct seller as the Company "has control & direction[,] ... mandatory preshift [sic] meetings and working and reporting to a General Manager is a requirement of the position." (Petitioner's Brief at 8.) Claimant also maintains that the Company provides all the training and tools necessary for the position. *Id.* In essence, what he is contending is that because he is not self-employed, i.e., an independent contractor, that means he must be entitled to benefits.

The Board was under no obligation to consider the self-employment exemption because it is simply inapplicable. Claimant was found financially ineligible under the direct seller exemption because he was not paid wages for employment as those terms are used under the Law. Under Section 401 of the Law, 43 P.S. § 801(a), a claimant is financially eligible for unemployment compensation if he or she has been paid wages for *employment* as required by Section 404(c) of the Law, 43 P.S. § 804(c), and has earned at least 49.5% of his or her base year[7] wages in

C: Yes. You know I would like to state if I can and it's not signed and it doesn't have any date on it and it was never updated from ...

R: Those aren't your initials on here sir?

C: It's not my signature on there. I initialed it probably, but I never signed it.

R: Okay it says on this last page here the undersigned has executed the Sales Representative Agreement and did you type in this information here?

C: Let me see.

R: [inaudible] there. Right at the bottom there.

C: The initials? Yes, probably did.

\* \* \*

R: So are you saying you didn't enter into an agreement with this company?

C: Huh? No I didn't enter into agreement. I mean basically I did agree to some of the things there but ...

(Transcript of Testimony, 8/15/14, at 4–5.)

6. Our scope of review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were supported by substantial evidence. 2 Pa.C.S. § 704; *See also Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n. 4 (Pa.Cmwlth.2003).

7. "Base year" is defined as "the first four of the last five completed calendar quarters preceding the first day of an individual's benefit year," 43 P.S. § 753(a), while "benefit year" is defined as:

[T]he fifty-two consecutive week period beginning with the day as of which [an individual's] 'Valid Application for Benefits' is filed, and thereafter the fifty-two consecutive week period beginning with the day as of which such individual next files a 'Valid Application for Benefits' after the termination of his last preceding benefit year. 43 P.S. § 753(b).

one or more quarters other than the highest quarter in his or her base year. 43 P.S. § 801(a) (emphasis added).[8] "Wages" are "all remuneration ... paid by an *employer* to an individual with respect to his *employment*." 43 P.S. § 753(x) (emphasis added). "Employment" is "all personal service performed for remuneration by an individual under any contract of hire." 43 P.S. § 753(*l*)(1). However, there are various exceptions to "employment," one of which is if an individual is a "direct seller." *See* 43 P.S. § 753(*l*)(4)(20).

Here, Claimant was not employed by the Company; rather, he was a "direct seller," which is an individual who is:

(i) engaged in the trade or business of selling or soliciting the sale of consumer products to any buyer on a buy-sell basis or a deposit-commission basis, or any similar basis which the United States Secretary of Treasury or his delegate prescribes by regulations for resale by the buyer or any other person in the home or otherwise than in a permanent retail establishment, or (ii) engaged in the trade or business of selling or soliciting the sale of consumer products in the home or otherwise than in a permanent retail establishment.

43 P.S. § 753(*l*)(4)(20). Furthermore:

To be a "direct seller," (i) substantially all the remuneration whether or not paid in cash for the performance of the services described under this definition must be directly related to sales or other output, including the performance of services rather than to the number of hours worked, and (ii) the services performed by the person must be performed pursuant to a written contract between the person and the person for whom the services are performed and the contract provides that the person will not be treated as an employe with respect to the services for Federal tax purposes.

*Id.*

Claimant went door-to-door selling consumer products for the Company. He was only paid commission, and there was a written contract designating Claimant as a "direct seller" for federal tax purposes. Because the elements of the direct seller exception are met, whether or not he was self-employed is irrelevant because any money earned from the Company is not "wages" making him financially ineligible for unemployment benefits.

Accordingly, the Board's order is affirmed.

### *ORDER*

AND NOW, this *10th* day of *April*, 2015, the order of the Unemployment Compensation Board of Review dated September 10, 2014, at No. B–569421, is affirmed.

---

**8.** Under Section 404(c) of the Law, a claimant is financially eligible for benefits if he or she "has base year wages in an amount equal to or in excess of the amount of qualifying wages [as determined by Section 404(e)(1) of the Law], and had eighteen (18) or more credit weeks during his base year." 43 P.S. § 804(c).