IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joyce Wilson,                  :        **CASES CONSOLIDATED**
           Petitioner      :
                            :
       v.                    :        Nos. 1257-1272 C.D. 2023
                            :        Submitted: February 4, 2025
Unemployment Compensation    :
Board of Review,            :
           Respondent    :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT           FILED: March 11, 2025

Joyce Wilson (Claimant), *pro se*, petitions for this Court's review of an adjudication of the Unemployment Compensation (UC) Board of Review (Board) that assessed a non-fraud overpayment of Pandemic Unemployment Assistance (PUA) benefits and Federal Pandemic Unemployment Compensation (FPUC) benefits under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act).[1] In so doing, the Board affirmed the Referee's decision that dismissed her appeal as untimely. Upon review, we affirm.

On October 8, 2021, the UC Service Center issued 18 notices of determination denying Claimant PUA and FPUC benefits for multiple weeks and assessing non-fraud overpayments. Some notices stated that Claimant had until

---

[1] 15 U.S.C. §§9001-9141. Specifically, the overpayment provision for PUA benefits is in Section 2102(d)(4) of the CARES Act, 15 U.S.C. §9021(d)(4). The overpayment provision for FPUC benefits is in Section 2104(f) of the CARES Act, 15 U.S.C. §9023(f).

October 29, 2021, to appeal, and other notices identified November 2, 2021, as the appeal deadline.

On June 3, 2022, Claimant appealed all 18 determinations. On February 9, 2023, the Referee held a telephone hearing, at which Claimant offered testimony on the timeliness of her appeals. Claimant stated that she received the determinations via emails and text messages. She read "some" of them and thought they were fraudulent because she did not receive most of the benefit payments because of issues with replacement of her debit card. Notes of Testimony, 2/9/2023, at 4 (N.T. __); Certified Record at 647 (C.R. __). Claimant testified that she went to her "tax lady," who also thought that the determination notices were fraudulent and advised her to disregard them. N.T. 3; C.R. 646. During this time, Claimant underwent surgery and was taking care of her 98-year-old mother. Because her "hands [were] so full," she "just [did not] pay a lot of attention" to the notices, which she considered "not real." N.T. 6; C.R. 649. Because she continued to receive quarterly billing notices, Claimant finally appealed.

The Referee issued a decision dismissing Claimant's 18 appeals as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[2] The Referee found that Claimant had not been misinformed or misled on her right of appeal; rather, she chose to ignore the determination notices. The Referee reasoned that neither Claimant's negligence nor her tax representative's negligent instruction authorized an extension of the 21-day appeal deadline under Section 501(e) of the Law.

By adjudication of September 11, 2023, the Board affirmed the Referee for the stated reason that the explanations offered by Claimant, including her belief

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

that the determination notices were not real, did not amount to fraud, administrative breakdown, or non-negligent conduct that may justify an untimely appeal. In the adjudication, the Board advised Claimant that she may submit a request to have the overpayments waived because they are deemed non-fraud.

Claimant appealed to this Court.

On appeal,[3] Claimant argues that she was receiving PUA benefits until "fraud was reported on [her] card." Claimant Brief at 6. She received a new card as a result. Six months later, fraud was again reported on her card; Claimant called the UC office several times and did not receive a new card. Several months later, she received the determination notices assessing an overpayment in excess of $4,000, but she never received her new card "with the money on it." *Id*. She did not appeal the determinations because her "tax lady" thought the determination notices were fraudulent. *Id*.

Claimant's brief does not specifically set forth the questions raised on appeal or provide any substantive argument thereon. We construe Claimant's brief as an attempt to assert that her appeal was late due to an administrative breakdown or non-negligent conduct beyond her control.

Section 501(e) of the Law requires a claimant to appeal a notice of determination of the Department of Labor and Industry (Department) within 21 days after the notice was mailed to the claimant's last known post office address. 43 P.S. §821(e). We have held that the 21-day period "is mandatory and subject to strict application." *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d

---

[3] Our review of a Board adjudication determines whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were supported by substantial evidence. *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).

1290, 1292 (Pa. Cmwlth. 1996). If an appeal from the Department's determination is not filed within the 21-day period, the determination becomes final, and the Board does not have jurisdiction to consider the merits of the matter. *Id.*

An untimely appeal may be permitted in limited circumstances. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). However, the claimant bears a heavy burden to justify an untimely appeal. *Id.* To satisfy her burden of proof, the claimant must establish either that the Department "engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [the claimant's] control caused the delay" in filing the appeal. *Id.* Thus, the "[f]ailure to file an appeal within [21] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Id.* (quoting *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 2003)).

At the hearing, Claimant testified that she thought the determination notices were not real, but this does not excuse her untimely appeal. The Pennsylvania Supreme Court has characterized an administrative breakdown as occurring when "an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000). In the instant matter, there is no evidence of negligence or improper action by the Department with regard to the determinations. The determinations plainly notified Claimant of her right to appeal and the deadlines for those appeals. Claimant testified that she received the notices of determination by emails and text messages. She chose to ignore them in the belief that they were fraudulent. Claimant stated

4

that she did not receive a new debit card for her benefits; however, this did not affect the availability, timing, or need for her to file an appeal on time.

Claimant testified that her "hands [were] so full" that she "just [did not] pay a lot of attention" to the determination notices because she had a surgery and had to take care of her mother. N.T. 6; C.R. 649. Claimant did not elaborate on those points at the Referee hearing. In any event, the pressure of life events does not excuse an untimely appeal. *See Carney v. Unemployment Compensation Board of Review*, 181 A.3d 1286 (Pa. Cmwlth. 2018) (claimant's late appeal not excusable when he recently became a father and was in the process of starting a business during the appeal period); *Constantini v. Unemployment Compensation Board of Review*, 173 A.3d 838 (Pa. Cmwlth. 2017) (claimant's late appeal not excusable when, during the appeal period, she was dealing with several ongoing legal issues, repairing and securing home computer network after a malware virus attack, recovering data information lost from wireless devices due to the virus, and had medical emergency appointments); *Maloy v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1009 C.D. 2015, filed April 13, 2016) (unreported)[4] (claimant dealing with brother's death, moving, and caring for daughter and sick mother did not constitute non-negligent circumstances justifying the late appeal).

---

[4] An unreported memorandum opinion of this Court issued after January 15, 2008, may be cited for its "persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Because Claimant offered no evidence that the Department engaged in fraudulent behavior or wrongful or negligent conduct, or that non-negligent conduct beyond Claimant's control caused the delay in filing the appeal, we affirm the Board's adjudication.[5]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[5] As the Board advised, Clamant may file an overpayment waiver request for the repayment of the PUA and FPUC benefits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joyce Wilson, | : | **CASES CONSOLIDATED** |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1257-1272 C.D. 2023 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 11th day of March, 2025, the adjudication of the Unemployment Compensation Board of Review, dated September 11, 2023, is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita