IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Youstina Zakhary, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1601 C.D. 2023 |
| | : | Submitted: March 4, 2025 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED:  June 17, 2025

Youstina Zakhary (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying her Mixed Earner Unemployment Compensation (MEUC) benefits under Section 2104(b) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act).[1]  In so doing, the Board found Claimant failed to establish that she had received at least $5,000 in net self-employment income in the most recent taxable year prior to her application for regular compensation benefits.  Upon review, we affirm.

---

[1] The Congress amended Section 2104(b) of the CARES Act by PL 116-260, December 27, 2020, 134 Stat. 1953, which added MEUC benefits and allows for an additional $100 per week "in any case in which the individual received at least $5,000 of self-employment income (as defined in section 1402(b) of Title 26) in the most recent taxable year ending prior to the individual's application for regular compensation."  15 U.S.C. §9023(b).

## Background

On March 5, 2021, Claimant applied for MEUC benefits. After the UC Service Center denied her benefits, Claimant appealed.[2] The Referee conducted a hearing on May 15, 2023, at which Claimant testified as follows. Claimant worked as a home health aide with Elite Care and Staffing (Employer). She provided her availability to Employer, who would "check in with her" when there was work. Notes of Testimony (N.T.), 5/15/2023, at 6; Certified Record at 57 (C.R. __). Claimant cared for one client at a negotiated rate of approximately $20 per hour; she did not provide service to any other client. Employer issued her a 1099-MISC form.[3] Claimant did not have a business entity or registered fictitious name. Claimant separated from Employer sometime before May 2020. N.T. 5; C.R. 56.

Admitted into the record were, among others, the 1099 forms issued by Employer and certain W-2 forms. N.T. 5; C.R. 56. The Referee left the record open for Claimant to submit documentation in support of her application for MEUC benefits, such as "Schedule Cs" from 2018 to 2021,[4] or documents showing "all [Claimant's] billable hours . . . that [she] considered to be self-employment" during that period of time and "[t]he nature of [her] work[.]" N.T. 10; C.R. 61.

---

[2] The Department of Labor and Industry (Department) issued two determinations finding Claimant ineligible for MEUC benefits: one was effective March 14, 2021, which is the subject of this appeal, and another was effective May 17, 2020.

[3] 1099-MISC form is used to report payment of at least $10 in royalties or broker payments in lieu of dividends or tax-exempt interest or at least $600 in rents, medical and health care payments, or "other income payments." IRS, *About Form 1099-MISC, Miscellaneous Information*, https://www.irs.gov/forms-pubs/about-form-1099-misc (last visited June 16, 2025).

[4] A Schedule C (Form 1040) is used to report income or loss from a business an individual operated or a profession an individual practiced as a sole proprietor. IRS, *About Schedule C (Form 1040), Profit or Loss from Business (Sole Proprietorship)*, https://www.irs.gov/forms-pubs/about-schedule-c-form-1040 (last visited May 22, 2025).

Claimant then submitted her 2019, 2020, and 2021 tax returns. The 2019 tax return showed that Claimant received both W-2 and 1099-MISC income statements for that year. The tax returns did not include a Schedule C. Supplemental Record at 4-52.

The Referee denied Claimant MEUC benefits, explaining that her testimony did not establish that she "was self-employed during the applicable period of time as well as a wage earner such that she should be entitled to receive MEUC benefits." Referee Decision at 2; C.R. 68. The additional documentation Claimant submitted was found by the Referee not "credible and competent" to establish that Claimant was "a mixed earner entitled to MEUC benefits." *Id*.

Claimant appealed to the Board. In affirming the Referee, the Board adopted and incorporated the Referee's findings and conclusions. Board Adjudication at 1; C.R. 86. The Board further reasoned that under Section 2104(b)(1)(C) of the CARES Act, a claimant must establish that she received at least $5,000 in net self-employment income in the most recent taxable year prior to her application for regular unemployment compensation. The Board found that the relevant taxable year was 2019, and the 1099-MISC form issued for 2019 showed that Claimant received $12,116 in nonemployee compensation. However, Claimant did not submit a Schedule C or other documentation to prove her 2019 net income in excess of $5,000.

Claimant petitioned for this Court's review.

**Appeal**

On appeal,[5] Claimant argues that the Board erred in determining that she was ineligible for MEUC benefits. Claimant acknowledges that "[her] initial tax filings erroneously did not include a Schedule C," but she has amended them to include the Schedule C. Claimant Brief at 12. To "substantiate [her] mixed earner claim," *id.*, Claimant attached her amended 2019 tax return to her brief, which includes a Schedule C showing a net profit of $5,312 for that year. Claimant asks this Court to consider her amended return in determining her eligibility for MEUC benefits.

In response, the Board argues that this Court cannot consider Claimant's amended 2019 tax return because it was not part of the certified record. The amended return was prepared in December 2023, after the Board entered its order of November 2, 2023. In our appellate review, this Court "is bound by the facts certified in the record on appeal." *Tener v. Unemployment Compensation Board of Review*, 568 A.2d 733, 738 (Pa. Cmwlth. 1990). The certified record did not address Claimant's "net earnings from self-employment" for 2019, which is required to be at least $5,000 under 15 U.S.C. §9023(b)(1)(C). *See* 26 U.S.C. §1402(b). Relying on a program letter issued by the United States Department of Labor, dated January 5, 2021, the Board contends that substantiating net earnings from self-employment requires production of tax returns, pay stubs, bank receipts, business records, ledgers, contracts, invoices, and billing statements if the tax return is not available. Board Brief at 9-10. Here, the documents Claimant submitted into

---

[5] Our review of a Board adjudication determines whether an error of law was committed, constitutional rights were violated, or necessary findings of fact were supported by substantial evidence. *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).

4

the record, *i.e.*, 1099 forms and the 2019 tax returns, did not substantiate Claimant's net self-employment income because the tax returns did not include a Schedule C to show gross income and deductible expenses.

The Board further argues that Claimant failed to establish that she was "self-employed" within the meaning of Section 4(*l*)(2)(B) of the Unemployment Compensation Law[6] for purposes of MEUC benefits. Claimant's testimony did not show that her services were performed free of Employer's control or that the services were the type performed in an independent trade or business. In short, the Board contends that "simply having earnings in addition to those reported on a W-2 does not entitle one to MEUC benefits." Board Brief at 10.

Section 2104 of the CARES Act provides, in pertinent part, as follows:

**(a) Federal-State agreements**

Any State which desires to do so may enter into and participate in an agreement under this section with the Secretary of Labor (in this section referred to as the "Secretary"). Any State which is a party to an agreement under this section may, upon providing 30 days' written notice to the Secretary, terminate such agreement.

**(b) Provisions of agreement**

> **(1) Federal Pandemic Unemployment Compensation**

---

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(*l*)(2)(B). It states, in pertinent part, as follows:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that--(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Id.*

Any agreement under this section shall provide that the State agency of the State will make payments of regular compensation to individuals in amounts and to the extent that they would be determined if the State law of the State were applied, with respect to any week for which the individual is (disregarding this section) otherwise entitled under the State law to receive regular compensation, as if such State law had been modified in a manner such that the amount of regular compensation (including dependents' allowances) payable for any week shall be equal to--

> **(A)** the amount determined under the State law (before the application of this paragraph), plus
>
> **(B)** an additional amount equal to the amount specified in paragraph (3) (in this section referred to as "Federal Pandemic Unemployment Compensation"), plus
>
> **(C)** *an additional amount of $100 (in this section referred to as "Mixed Earner Unemployment Compensation") in any case in which the individual received at least $5,000 of self-employment income (as defined in section 1402(b) of Title 26) in the most recent taxable year ending prior to the individual's application for regular compensation.*

. . . .

**(4) Certain documentation required**

*An agreement under this section shall include a requirement, similar to the requirement under section 9021(a)(3)(A)(iii) of this title[7] for the substantiation of*

---

[7] It states:

> (3) The term "covered individual"--
>
> **(A)** means an individual who--
>
> . . . .
>
> > (iii) provides documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment not later than 21 days after the later of the date on

6

> *self-employment income with respect to each applicant for Mixed Earner Unemployment Compensation under paragraph (1)(C).*

15 U.S.C. §9023(a), (b)(1), (4) (emphasis added).

Section 1402(b) of Title 26, also known as the Internal Revenue Code of 1986, 26 U.S.C. §1402(b), defines "self-employment income," in pertinent part, as follows:

> *The term "self-employment income" means the net earnings from self-employment derived by an individual* (other than a nonresident alien individual, except as provided by an agreement under section 233 of the Social Security Act) *during any taxable year*; except that such term shall not include--
>
> **(1)** in the case of the tax imposed by section 1401(a), that part of the net earnings from self-employment which is in excess of (i) an amount equal to the contribution and benefit base (as determined under section 230 of the Social Security Act) which is effective for the calendar year in which such taxable year

---

> which the individual submits an application for pandemic unemployment assistance under this section or the date on which an individual is directed by the State Agency to submit such documentation in accordance with section 625.6(e) of title 20, Code of Federal Regulations, or any successor thereto, except that such deadline may be extended if the individual has shown good cause under applicable State law for failing to submit such documentation[.]

15 U.S.C. §9021(a)(3)(A)(iii).

Section 625.6(e) of Title 20 of the Code of Federal Regulations, in turn, provides for a weekly amount for disaster unemployment assistance "based on the individual's statement of employment or self-employment preceding the individual's unemployment that was a direct result of the major disaster, and wages earned or paid for such employment or self-employment." 20 C.F.R. §625.6(e). The applicant for disaster unemployment assistance shall submit "documentation substantiating employment or self-employment and wages earned or paid for such employment or self-employment, or, in the absence of documentation, where any State agency records of employment or self-employment and wages earned or paid for such employment or self-employment, justify the determination of a weekly amount." *Id.*

7

begins, minus (ii) the amount of the wages paid to such individual during such taxable years; or

**(2)** the net earnings from self-employment, if such net earnings for the taxable year are less than $400.

26 U.S.C. §1402(b) (emphasis added).

Section 1402(a) of the Internal Revenue Code defines "net earnings from self-employment," in part, as:

> the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, plus his distributive share (whether or not distributed) of income or loss described in section 702(a)(8) from any trade or business carried on by a partnership of which he is a member; [with exceptions provided under subsections (1) to (17)].

26 U.S.C. §1402(a).

Here, the Board ruled that Claimant did not submit documentation to substantiate her self-employment income for MEUC benefits. Before this Court, the Board cites to a program letter of the United States Department of Labor, dated January 5, 2021, which provides guidance on documentation requirements for MEUC benefits. It states, in pertinent part, as follows:

> (f) <u>MEUC documentation requirement</u>. Individuals who apply for MEUC are required to submit documentation substantiating their self-employment income for purposes of the state determining their eligibility for MEUC.
>
> *If available, individuals must provide a copy of the income tax return for the most recent taxable year ending prior to the individual's application for regular [Unemployment Compensation (UC)] to substantiate their self-employment income for purposes of establishing eligibility for MEUC. If the tax return is not available (e.g., because the individual has not yet filed the income tax return yet), acceptable documentation of self-employment income include[s], but is not limited to, pay check stubs, bank receipts, business records, ledgers, contracts,*

8

*invoices, and billing statements that substantiate self-employment income of at least $5,000 during the most recent taxable year ending prior to the individual's application for regular UC.*

Individuals may submit this documentation at any time while the MEUC program is in effect. States may wait to make an eligibility determination for an MEUC application until documentation is provided. Or, states may provide individuals a reasonable amount of time, as provided under state law, to submit this documentation after they apply for MEUC. However, until the individual provides the documentation and the state can determine that it substantiates that the amount of self-employment income meets MEUC eligibility requirements, MEUC payments may not begin.

UNEMPLOYMENT INSURANCE PROGRAM LETTER No. 15-20, Change 3, at 6-7, ¶4(f); https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2021/UIPL_15-20_ Change_3.pdf (last visited June 16, 2025).

The Board has adopted the United States Department of Labor's view on the documentation needed to substantiate net earnings from self-employment, which includes tax returns. Here, the certified record included Claimant's 2019 tax returns and the 1099-MISC form she received, and they showed that Claimant received a total of $12,116 in nonemployee compensation. The amended 2019 tax return shows a net profit of $5,312 for that year. However, the amended return cannot be considered because it is not part of the certified record. *Tener*, 568 A.2d at 738. The Board committed no error in denying Claimant the MEUC benefits under 15 U.S.C. §9023(b)(1)(C) because she did not establish her *net* self-employment income for 2019.

9

## Conclusion

For the foregoing reasons, we affirm the Board's November 2, 2023, adjudication.[8]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[8] We need not address the Board's alternative argument that Claimant did not establish her self-employment status. This was not the basis for the Board's denial of MEUC benefits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Youstina Zakhary,                          :
                    Petitioner             :
                                           :
          v.                               :          No. 1601 C.D. 2023
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :

# **O R D E R**

AND NOW, this 17th day of June, 2025, the adjudication of the Unemployment Compensation Board of Review, dated November 2, 2023, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita